(No. 13218.—Reversed and remanded.)

Owen O'Brien, Appellant, vs. The Chicago City Railway Company et al. Appellees.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. Negligence—*whether declaration states cause of action must be determined from language of declaration.* Neither the evidence introduced nor the arguments made on the trial or on appeal can be considered to determine whether the declaration states a cause of action but that question is to be determined from the language of the declaration itself.

2. Same—*sufficiency of declaration is raised by motion in arrest.* The sufficiency of the declaration may be reached on motion in arrest of judgment.

3. Same—*when allegation that defendant had elected not to be bound by Compensation act is surplusage.* Where a common law declaration for negligence, filed by an employee of a city against a third party, contains no averment that the plaintiff or his employer is under the Compensation act nor any allegations of fact showing such condition, the mere averment that the defendant elected not to be bound by said act may be rejected as surplusage and the declaration treated as one having no relation to the Compensation act.

4. Same—*when court will not presume that plaintiff and his employer are bound by Compensation act.* In the absence of averments in a declaration against a third party by an injured employee from which it may be concluded that the plaintiff and his employer are under the Compensation act the court will not presume that those parties are so bound; and the mere fact that the employer is engaged in a hazardous occupation is not conclusive that the employee is engaged in hazardous work.

5. Same—*when declaration does not show that action is brought under section 29 of Compensation act.* Where a common law declaration against a third party for an injury to an employee contains no averment which will bring the plaintiff under the Compensation act that act has nothing to do with the case, and the mere averments that the plaintiff was an employee of a city and that the defendant had elected not to be bound by the Compensation act do not show that the action is brought under section 29 of said act.

6. Same—*contract of employer assigning his rights to injured employee is not admissible in action against third party.* In a common law action against a third party by an injured employee, a contract by which the employer purports to sanction the action and to assign to the plaintiff any claim against the defendant which the employer may have is not admissible in evidence.

7. SAME—*instruction which precludes consideration of a proper defense is erroneous.* In a common law action for damages by an injured employee against a third party, an instruction that it is no defense that the plaintiff's foreman was guilty of negligence if the plaintiff did not contribute to the negligence of the foreman, precludes consideration of the defense that the negligence of others and not of the defendant was the proximate cause of the injury and is erroneous.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

JAMES C. McSHANE, for appellant.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and JOHN E. KEHOE, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant filed his declaration in the superior court of Cook county charging the appellees with negligently injuring him while he was engaged in his work as an employee of the city of Chicago, at the corner of Ashland avenue and Thirty-seventh street, in said city. The declaration consisted of two counts, which charge the defendants with owning and operating a street railway, and that by the negligence of the motorman in charge of one of the defendants' cars the plaintiff, while engaged in his work for the city, was struck and injured. A hearing was had before a jury and a verdict was returned in the sum of $12,500. Motions for new trial and in arrest of judgment were overruled and judgment entered thereon against the defendants. The cause was appealed to the Appellate Court, where the judgment was reversed without remanding, on the ground that the declaration did not state a cause of action, it being there held that the declaration showed that the suit was

brought under the second clause of section 29 of the Workmen's Compensation act; that therefore it should have alleged that the injury in question was not proximately caused by the negligence of plaintiff's employer, the city of Chicago; that since no cause of action was stated in the declaration, and it appearing that the time for bringing the action had expired, it would be useless to reverse the judgment and remand the cause, and therefore the judgment was reversed without remanding.

While it was not so charged in the declaration, it appeared from the evidence that appellant and his employer, the city of Chicago, were operating under the Workmen's Compensation act as to the employment in which appellant was engaged. It also appeared in evidence that the defendants had elected not to be bound by the Workmen's Compensation act, and an averment to that effect was contained in each count of the plaintiff's declaration.

It is contended by appellant that the declaration stated an action for negligence at common law, and that the declaration did not contain averments touching the question whether or not the plaintiff and his employer were operating under the Workmen's Compensation act, and that the question as to the requirements of a declaration under the Workmen's Compensation act did not, therefore, arise, and the averment relating to the defendants having elected not to be bound by the Workmen's Compensation act was surplusage. Appellees contend that even if this be so, the cause must be remanded to the superior court for new trial by reason of the improper admission in evidence of a certain contract between the appellant and the city of Chicago, and by reason, also, of an error in giving the appellant's fifth instruction.

The first question to be passed upon in this case is whether or not the declaration of appellant stated a cause of action. Counsel on both sides have made extended arguments on the question as to whether or not the appellant's

declaration brought his case under the second clause of section 29 of the Workmen's Compensation act. It also appears that on the trial counsel for appellant as well as for appellee proceeded on the theory that the Compensation act affected the rights of the parties. Neither the evidence introduced nor the arguments made on the trial or here are the test whether the declaration states a cause of action, but that question is to be determined from the language of the declaration itself, without reference to the evidence or the arguments of counsel. (*American Car Co.* v. *Hill,* 226 Ill. 227.) The Appellate Court found that the declaration attempted to state a cause of action under the second clause of section 29 of the Workmen's Compensation act, and held that it did not state a good cause of action under such act and reversed the judgment without remanding. In the trial court appellees here entered a motion in arrest of judgment, which was overruled. The sufficiency of the declaration may be reached on motion in arrest of judgment. The issue under such motion is the sufficiency of the declaration.

The declaration as originally filed consisted of one count. It averred that on the date of the injury, and prior thereto, both defendants, the Chicago City Railway Company and the Chicago Railways Company, were operating a street railway owned and possessed by the Chicago City Railway Company, which street railway extended upon and along South Ashland avenue, in the city of Chicago; that plaintiff was employed by the city of Chicago upon South Ashland avenue at or near the intersection of that avenue and West Thirty-seventh place; that while the plaintiff, as such employee of said city of Chicago, was engaged in its said work he was then and there in and upon said South Ashland avenue at or near said street intersection and so close to said railway that he was liable to and likely to be struck and injured in the event said street car should be operated southward upon and along said railway up to and past said place where plaintiff was, without due and timely notice and

warning to the plaintiff, all of which facts the plaintiff alleges that the defendants' motorman who was in charge of the operation and management of said car then knew or by the exercise of ordinary care would have known, yet the plaintiff alleges that while he was so at said place and engaged in said work and was exercising ordinary care for his own safety, the defendants, through their motorman, wrongfully and negligently ran the street car past said place at a high and dangerous rate of speed and without notice or warning to the plaintiff, and that he was struck and injured by said car. The declaration then in one of its closing paragraphs avers: "Plaintiff further alleges that both said defendants, long prior to the time of plaintiff's injuries, duly and effectively elected not to be bound by the provisions of the Illinois Workmen's Compensation act, and neither of them were bound by said act at said time."

A plea of the general issue was filed to the declaration by the defendants. Later, on leave of court, an additional count was filed. That count alleges, after averring ownership of the instrumentalities of the defendants, that at the time and place alleged in the original count "plaintiff was employed by the city of Chicago in and about certain work then being performed by said city in and upon said South Ashland avenue, at or near said street intersection." The count further avers that while the plaintiff, as such employee of said city, was engaged in its work and was then and there in and upon said South Ashland avenue at or near said street intersection and so close to said railway that he was liable and likely to be struck and injured in the event said street car should be operated southward upon and along said railway up to and past said place where the plaintiff was, without due and timely notice and warning to plaintiff, all of which facts defendants then and there knew or might have known, the plaintiff was struck and injured by said street car, which was being run at a high and dangerous rate of speed and without warning to the plaintiff. The

further averments of this additional count, except those alleging the extent of plaintiff's injuries, are practically identical with the original count. This count likewise in one of its closing paragraphs alleges that the defendants had elected not to be bound by the Workmen's Compensation law. The plea of general issue was filed to this additional count.

There is nothing in either count of the declaration that in any way amounts to an averment that the plaintiff or his employer, the city of Chicago, was operating under the Workmen's Compensation act. With the exception of the statement that the defendants had elected not to be bound by the Workmen's Compensation act the declaration is a plain common law declaration for negligence. In the absence of an averment that the plaintiff or his employer was in any way affected by the Workmen's Compensation act, the statement in the declaration that the defendants had elected not to be bound by the act was wholly an immaterial averment and should be treated as surplusage, and evidence thereunder was immaterial to the issues raised by the declaration. The declaration contained no averment as to the nature of plaintiff's employment.

The Workmen's Compensation act was designed to affect the relation of master and servant. Only those employers and employees who have elected to be bound by the act or who by reason of occupation are presumed, in the absence of an election to the contrary, to have so elected, are affected thereby. (*Gones* v. *Fisher,* 286 Ill. 606.) If the declaration contains averments from which it may be concluded that the plaintiff and his employer are under the act, as where the averments of employment are such as to presumptively show them to be under the act, the declaration will be construed as averring that the plaintiff and his employer are bound by the act. In the absence of any averments amounting to such a statement courts cannot take judicial notice that the plaintiff and his employer were so bound. When the declaration contains no averment which will bring the

plaintiff under the Workmen's Compensation act that act has nothing to do with the case so far as the same is presented by the declaration. Here the declaration averred that plaintiff was employed by the city of Chicago. A city may engage in occupations which will bring it under the Workmen's Compensation act as to such occupations. It may and does likewise engage in occupations that are not under the act. The mere fact that an employer may in some departments of his business be engaged in a hazardous occupation will not, in the absence of averments as to what the nature of the particular occupation is, raise a presumption that plaintiff was engaged in hazardous work, where the employer likewise engages in a business or an occupation that is not hazardous. (*Mepham & Co.* v. *Industrial Com.* 289 Ill. 484.) The statement that the plaintiff was employed by the city of Chicago did not constitute an averment that the plaintiff and his employer were under the Workmen's Compensation act. There is therefore no averment which makes the Workmen's Compensation act applicable in the suit of plaintiff against the defendants, but the declaration is for negligence at common law. If the declaration does not show that the plaintiff is bound by the act, the averment that the defendants had elected not to be bound thereby does not make the case one brought under the act. Such an averment was immaterial and mere surplusage, and plaintiff had no right to make proof under it. Plaintiff's declaration presented a good cause of action at common law and not under the Workmen's Compensation act, and the Appellate Court erred in construing the declaration as a declaration drawn under section 29 of said act. It was therefore error on the part of the Appellate Court to reverse the judgment without remanding.

While many errors were assigned in the Appellate Court, the only other error passed upon by that court was as to the admission in evidence of a certain written contract between appellant and the city of Chicago, known as "Plain-

tiff's exhibit G." This was an agreement in writing between appellant and the city of Chicago, by its attorney, which, after reciting the circumstances of the occurrence of the injury and that appellant had commenced his suit against the defendants, purports to give the consent of the city to said suit and to assign to appellant any claim against the appellees which the city might have. This contract gave the appearance of sanction by the city to the action begun by appellant, and was clearly incompetent and prejudicial to defendants, and it was error to admit it in evidence. For this error the cause should have been remanded for re-trial.

Appellant's fifth instruction, so far as complained of, was as follows: "You are instructed that the fact, if it be a fact, that plaintiff's foreman was guilty of negligence which contributed to his injury is no defense to this suit, provided you further find from the evidence that plaintiff did not in any manner cause, induce or contribute to said negligence, if any, on the part of said foreman." Under the case made by the declaration defendants had a right to the benefit of any facts and circumstances that would tend to show that the negligence of others, and not their negligence, was the proximate cause of the injury. This instruction deprived them of that right, and the giving of it constituted reversible error.

While numerous other assignments of error were made in the Appellate Court by appellees here, who were appellants in that court, they are not before us for review.

For the error of the Appellate Court herein referred to, the judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to pass upon the assignments of error not passed upon by it.

*Reversed and remanded.*