O'Brien v. Chicago City Ry. Co., 220 Ill. App. 107.

# Owen O'Brien, Appellee, v. Chicago City Railway Company et al., Appellants.

## Gen. No. 25,167.

1. STREET RAILROADS, § 94*—*what may be considered in determining contributory negligence.* In an action against a street railway company to recover for personal injuries received while plaintiff, a city employee, was working in the street near defendant's track, where it appears that for about 3 days before the accident a flagman had been stationed near who warned plaintiff and the other workmen of the approach of the car, but he had left his post shortly before the accident and did not give the usual warning, the questions as to who employed the flagman and whether or not it was defendant's duty to have a flagman at such point are immaterial on the point of plaintiff's contributory negligence, the questions in that regard being whether there was such a practice of warning the workmen as would lead them to rely on being warned and whether, when the warning failed, plaintiff, in not heeding the car's approach, behaved otherwise than an ordinarily prudent man, exercising reasonable care for his own safety, would have behaved in the same circumstances.

2. STREET RAILROADS, § 135*—*when contributory negligence is question for jury.* In an action by a city employee against a street railway company to recover for personal injuries through being struck by defendant's car as he was working in the street near the track, where there is evidence that the car was running at a high rate of speed and giving no warning and that for the last 3 of the 5 or 6 days in which plaintiff had been engaged in such work, a flagman had been stationed near who gave warning of the approach of cars, but the flagman had left his post shortly before the accident and gave no warning, it was *held* that the question of plaintiff's contributory negligence was for the jury.

3. APPEAL AND ERROR, § 438*—*when variance must be objected to at trial.* In an action to recover for personal injuries, where the evidence shows that plaintiff cannot recover in a common-law action but can receive relief under the Workmen's Compensation Act solely, there is a variance which must be specifically pointed out on the trial, not only in the objections to testimony, but in the motion for a new trial, general terms not being sufficient, otherwise the question cannot be considered on appeal.

4. PLEADING, § 431*—*when variance is fatal.* Where the evi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dence, in an action for personal injuries in which the declaration is based upon plaintiff's common-law right of action, makes out a case not at common law but under the Workmen's Compensation Act, the charge of variance, properly raised, is fatal.

5. PLEADING, § 422*—*when departure arises.* A departure arises upon a pleading subsequent to the declaration which pleading is not pursuant to the previous pleading of the same party and which does not support and fortify.

6. LIMITATION OF ACTIONS, § 112*—*when plaintiff should be permitted to reply.* Where one bringing a common-law action to recover for personal injuries files an amended declaration stating a right to recover under the Workmen's Compensation Act and the defendant pleads the statute of limitations, plaintiff should be afforded an opportunity of replying that the case is within some exception to the statute, if such is the fact.

7. MASTER AND SERVANT, § 600*—*what evidence is not matter of defense.* In an action to recover for personal injuries, allegations or proof with respect to the Workmen's Compensation Act are not matters of defense.

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed November 29, 1920.

CHARLES LEROY BROWN, for appellants; JOHN R. GUILLIAMS and JOHN E. KEHOE, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This case is in this court for the second time. December 8, 1919, we filed our first opinion (216 Ill. App. 115); the case then went to the Supreme Court which reversed our judgment and remanded the cause to this court with directions to pass upon the other assignments of error not passed upon by us. 293 Ill. 140. Both parties say the judgment must be reversed and plaintiff asks that the cause be remanded, but defendants oppose this.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Brien v. Chicago City Ry. Co., 220 Ill. App. 107.

As stated in the former opinions, this is an action to recover compensation for personal injuries, and upon trial plaintiff had a verdict and judgment for $12,500. The accident happened March 23, 1917. Plaintiff was an employee of the City of Chicago and at this time was one of a gang of men trying to locate a leak in a water pipe by digging holes in Ashland avenue, a north and south street in Chicago, upon which defendants operated street cars. About quitting time in the evening, plaintiff and another member of the gang were laying boards over a hole which was dug west of the street car tracks, which came about a foot from the outside of the west rail. While plaintiff was engaged in rearranging these boards he was struck by a southbound street car and received the injuries involved in this suit.

We stated in our former opinion that although defendants urged contributory negligence of plaintiff as a bar to recovery, we did not consider this point for the reason we thought another consideration was decisive. The Supreme Court held we were in error in this.

Contributory negligence of plaintiff is claimed. When the men quit work for the day they covered the holes or excavations they had made in the street with boards, to prevent persons from falling therein; the boards were not sufficient in number entirely to cover one of the holes and plaintiff and another member of the gang commenced to spread the boards so as to make them cover it. They started at the west side of the hole and worked towards the track and were spreading the two boards nearest the track, plaintiff standing at the south end and within a foot or two of the track, stooping, and spreading the boards, when the street car in question went by and struck him, inflicting the injuries complained of. Some of the witnesses testified that the car was running at a high rate of speed and without warning. Plaintiff, with the rest

of the gang, had been engaged in this work for about
five or six days. For about three days prior to the ac-
cident a flagman was present, who flagged the cars and
warned the men of their approach. There was evi-
dence that at the time this particular car passed, the
flagman, having left his post a very short time before,
did not warn the workmen as usual. Several witnesses
testified they relied upon the flagman during the pro-
cess of the work to give them warning of approaching
street cars. There is considerable discussion as to
who employed the flagman and as to whether or not
there was any duty upon defendants to have such a
man at this place. We do not think this was material
as touching the question of contributory negligence.
The question is whether there was such a practice of
warning the workmen as would lead them to rely upon
it, and whether, when the warning failed at this par-
ticular time, plaintiff, in not heeding the approaching
car, behaved otherwise than an ordinarily prudent man,
exercising reasonable care for his own safety, would
have behaved under the same circumstances. It was
proper to leave this question to the determination of
the jury. Upon this record we cannot say plaintiff
was guilty of contributory negligence as a matter of
law; neither can we say that the jury's conclusion on
the fact was manifestly wrong. We refrain from a
more detailed discussion of the occurrence, as the
cause must be remanded for reasons hereinafter stated.

It was urged by defendants that the trial court erred
in not directing a verdict as plaintiff cannot recover
on a common-law declaration, as the evidence shows
the applicability of the Compensation Act to this cause
of action. This may be true and yet the record does
not sufficiently present this point so we may properly
pass upon it at this time. We are the more inclined
to this view because this point was earnestly presented
to the Supreme Court, which was urged to enter the
judgment which we are now asked to make. The Su-

preme Court declined to do this, and we assume for the reason we have just indicated, namely, not sufficient basis in the record.

If the evidence upon the trial showed that plaintiff did not have his action at common law, but came under the Workmen's Compensation Act, this was a variance which might have been cured by amendment if the question had been properly raised. The charge of variance must be specifically pointed out upon the trial not only in the objections to testimony, but in the motion for a new trial; general terms will not be sufficient. This is to permit plaintiff to make proper amendment. As was said in *Probst Const. Co. of Chicago v. Foley,* 166 Ill. 31:

"In order to raise the question of variance it was necessary for the defendant to indicate specifically the variance and point out in what it consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend his pleading as to make it conform to the evidence. The defendant not having done this, but having charged a variance only in general terms, the objection must be considered as waived, and the question of variance cannot be raised here."

*Pressed Steel Car Co. v. Herath,* 207 Ill. 582; *Gascoigne v. Metropolitan West Side El. Ry. Co.,* 239 Ill. 21.

It is asserted that defendants' counsel did properly raise the question of variance upon the trial, but we do not agree with this. It was apparently the theory of counsel for both parties that the cause was an attempt to proceed under section 29 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(29)], hence the point of variance between the testimony and the declaration considered as a common-law declaration was not in the minds of any of the attorneys and certainly was not specifically called to the attention of the court. If plaintiff should proceed to a second trial upon his present declaration and the evidence

should make out a case not at common law, but of the applicability of the Workmen's Compensation Act, and the charge of variance is properly raised by the defendants, it would be the duty of the trial court to rule that such a variance was fatal.

This cannot be called an instance of departure which properly arises upon a pleading subsequent to the declaration, which pleading is not pursuant to the previous pleading of the same party and which does not support and fortify it. Encyc. of Pleading and Practice, vol. 6, p. 460; *Union Pac. Ry. Co. v. Wyler,* 158 U. S. 285.

Should plaintiff file an amended declaration stating a cause of action under the Workmen's Compensation Act and defendants should plead the statute of limitations, plaintiff should be afforded the opportunity of replying that the case is within some exception to the statute, if such is the fact. This is another reason for remanding. *Wall v. Chesapeake & O. R. Co.,* 200 Ill. 66; *Heimberger v. Elliot Frog & Switch Co.,* 245 Ill. 448.

We do not agree with plaintiff that it follows from the decision of the Supreme Court that allegations or proof with reference to the Compensation Act must be matters of defense. It has been held otherwise many times. *Beveridge v. Illinois Fuel Co.,* 283 Ill. 31 [17 N. C. C. A. 463]; *Barnes v. Illinois Fuel Co.,* 283 Ill. 173; *Vose v. Central Illinois Public Service Co.,* 286 Ill. 519; *Reynolds v. Chicago City Ry. Co.,* 287 Ill. 124; *Bishop v. Chicago Rys. Co.,* 290 Ill. 194.

Upon our former consideration we held that it was reversible error to admit in evidence the written contract between the plaintiff and the City of Chicago, known as "Plaintiff's exhibit G," and also that the giving of plaintiff's fifth instruction was prejudicial. This was affirmed by the Supreme Court and for the reasons in this respect stated in its opinion the judgment must be reversed.

The judgment therefore is reversed and the cause remanded.

*Reversed and remanded.*

HOLDOM, P. J., and DEVER, J., concur.