# Henry Wachuta, Plaintiff in Error, v. Chicago Railways Company et al., Defendants in Error.

## Gen. No. 25,884.

1. WORKMEN'S COMPENSATION ACT—*when evidence as to applicability admissible in common-law action for personal injuries.* Under the general issue in a personal injury case in which the declaration set up a common-law right of action, and where the accident was caused by a collision between a truck, driven by plaintiff and owned by his employers, and defendants' street car, it was permissible for defendants to introduce evidence to the effect that plaintiff was working under the Workmen's Compensation Act.

2. WORKMEN'S COMPENSATION ACT—*when teamster not engaged in extrahazardous work.* A teamster whose employers were engaged in the meat business, in connection with which electrically driven machinery was used, was not engaged in extrahazardous work within section 3 of the Workmen's Compensation Act of 1913 (Cahill's Ill. St. ch. 48, ¶ 202), where the injury was sustained in a collision between a street car and a truck owned by such employers and driven by plaintiff while the latter was on the way to his employers' place of business, the fact that some other of the employees might have been engaged in extrahazardous work not having the effect of changing the character of plaintiff's employment or bringing him within the act.

3. EVIDENCE—*when question as to applicability of Workmen's Compensation Act inadmissible as calling for conclusion of law.* Questions propounded in a collision case as to whether plaintiff's employers were under the Workmen's Compensation Act, and whether they were insured in a certain insurance company under such act, were improper as calling for conclusions.

4. WORKMEN'S COMPENSATION ACT—*when evidence to show employer not under act inadmissible.* Where plaintiff's employers had not filed a written formal notice to the effect that they had elected to be bound by the Workmen's Compensation Act, but had taken out insurance covering the obligations imposed upon them by the act, such insurance covering all their employees, and apparently, pursuant to section 26 of the act (Cahill's Ill. St. ch. 48, ¶ 226), the insurance company had filed a formal certificate of insurance to above effect with the Industrial Board, such employers should not be heard to say that they were not under the act, nor should plaintiff, because he failed to file any notice that he was not bound and particularly because defendant was served with notice

of subrogation and plaintiff received compensation under the act from the insurance company; and consequently objections were properly sustained to plaintiff's offer in rebuttal to defendants' presumptive evidence of the filing of notice of election by the employers, to show that defendants had elected not to be bound, particularly as such offer was at variance with the declaration which did not mention the act, but merely set up a common-law right of action.

TAYLOR, J., dissenting.

Error to the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed November 2, 1921.

CHARLES A. SCOTT, for plaintiff in error.

FRANK L. KRIETE and WILLIAM H. SYMMES, for defendants in error; J. R. GUILLIAMS and C. L. MAHONY, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error the plaintiff Wachuta seeks to reverse the judgment entered in the superior court of Cook county, in favor of the defendants, following a directed verdict at the close of all the evidence. The suit was for personal injuries suffered by the plaintiff in a collision between a two-horse truck he was driving and an electric street car operated on one of the defendants' lines in the City of Chicago, on February 12, 1917.

The declaration filed by the plaintiff, an employee of Fuhrman & Forster, against the defendants, set up a common-law right of action to which the defendants filed a plea of the general issue. Under that plea, it was permissible for the defendants to introduce evidence to the effect that the plaintiff was working under the Workmen's Compensation Act. *Von Boeckmann v. Corn Products Refining Co.,* 274 Ill. 605;

*Beveridge v. Illinois Fuel Co.,* 283 Ill. 31 [17 N. C. C. A. 463].

The work in which the plaintiff was engaged was not extrahazardous, within the meaning of section 3 of the Workmen's Compensation Act of 1913 (Cahill's Ill. St. ch. 48, ¶ 202), which applies here. Plaintiff worked as a teamster. His employers were engaged in the meat business and in connection with that business they made sausages and engaged in several similar operations in connection with which certain electrically driven machinery was used. When the plaintiff hauled a load of meat to his employers' place of business, it was backed up to a platform and the meat would be lifted from the truck and placed on hooks connected with wheels which ran on a sort of trolley system and by this means it would be moved to the desired place in the building. On some occasions the plaintiff would assist in moving the meat from his truck to the hooks, when other employees would push the meat along by means of the overhead wheels and track. The evidence showed that on the occasion of the plaintiff's injury he was driving from the Fulton Market to his employers' place of business with a load of beef. In *Mattoon Clear Water Co. v. Industrial Commission,* 291 Ill. 487, it was held that the hauling and delivering of water was not an extrahazardous employment and the court said that "because some other employees of the defendant in error may have been engaged in some other part of the work that was extrahazardous would not change the character of the employment of plaintiff in error or bring him within the provisions of the act," citing *Vaughan's Seed Store v. Simonini,* 275 Ill. 477 [14 N. C. C. A. 1075]; *Seggebruch v. Industrial Commission,* 288 Ill. 163, and *Brennan v. Industrial Commission,* 289 Ill. 49.

Under the provisions of section 1 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 201), an

employer may elect to pay compensation for accidental injuries sustained by any employee, arising out of and in the course of his employment, according to the provisions of the act by filing notice of such election with the Industrial Board. In an effort to show that the plaintiff's employers were under the Workmen's Compensation Act, the defendants called Andrew Fuhrman, one of the partners of the firm which employed the plaintiff, to the witness stand and, among other things, he was asked the following questions: "You were under the Compensation Act in January and February, 1917? * * * And you were insured in the Zurich Insurance Company under the Compensation Act?" Over objections of the plaintiff the witness was permitted to answer each of the above questions and in each case his answer was "Yes, sir." Both questions were objectionable, as calling for conclusions and the objections should have been sustained, but, in our opinion, this does not affect the decision of this case. On cross-examination of this witness, counsel for the plaintiff asked, "You never took any affirmative action, you never notified the Industrial Commission one way or the other, whether you desired to accept or not accept the provisions of the Workmen's Compensation Act?" To this question the witness answered, "No, sir. We did not."

Further, the defendants called one Carey as a witness, who testified that he was Security Supervisor of the State Industrial Commission. The witness, pursuant to a subpœna *duces tecum*, produced what he referred to as a certificate of insurance which was introduced in evidence as defendants' Exhibit 2. This was addressed to the Industrial Board and certified that Fuhrman & Forster was insured by the Zurich General Accident & Liability Insurance Company, Ltd., of Zurich, Switzerland, "covering the obligation imposed upon said insured by House Bill No. 841, commonly known as the Workmen's Compensation

Act; that said insurance is written upon and in accordance with the policy filed by the undersigned company with the Industrial Board. * * * Policy No. WG-478619—Policy limits Unlimited—Exclusions, none * * *. This certificate is furnished to comply with the requirements of the Industrial Board.'' This certificate was signed by the Zurich General Accident & Liability Insurance Company, Ltd., by one Baker. The witness further testified that Fuhrman & Forster had never filed any notification with the Industrial Board of their election or nonelection to come under the Workmen's Compensation Act,—that they had filed no document other than the one above referred to.

The defendants also called one Tomczak as a witness, who testified that he was the Superintendent of the Chicago Claim Department of the Zurich General Accident & Liability Insurance Company, Ltd.; and that his company, pursuant to the policy issued to Fuhrman & Forster, had paid the plaintiff, Wachuta, a total of $107.04 in eight payments and that they had also paid the bills of the three physicians who attended him. The defendants also introduced, as their Exhibit 3, a notice of subrogation signed by Fuhrman & Forster, per the Insurance Company, by its agent, directed to the Chicago Surface Lines, in which the latter were notified that the plaintiff, an employee of Fuhrman & Forster, while in the course of his employment, received injuries which were not proximately caused by the negligence of Fuhrman & Forster or its employees but were caused under circumstances creating legal liability for damages in the Chicago Surface Lines. This notice proceeded to advise the Chicago Surface Lines that at and before the time of the accident, Fuhrman & Forster had elected to provide and pay compensation to its employees and, further, that if Wachuta made claim for compensation on account of his injuries, Fuhrman & Forster would hold the Chicago Surface Lines liable in whatever

amount might be expended by Fuhrman & Forster on account of said compensation and medical and surgical services rendered to Wachuta, under the provisions of the Workmen's Compensation Act.

The defendants further introduced, as their Exhibit 4, a communication addressed to the Chicago Surface Lines, written on the letterhead of the Insurance Company and signed by one Fink, "Supt. Chicago Claim Dept." and dated July 6, 1917, in which the Chicago Surface Lines were advised of the payments made by the insurance company up to that time in connection with this matter and stating that the insurance company would look to the Surface Lines for reimbursement.

In the case of *Paul v. Industrial Commission*, 288 Ill. 532 [18 N. C. C. A. 292], the employer made the contention that his business did not automatically come under the Workmen's Compensation Act and that he had not elected to provide compensation according to the provisions of the act, by filing notice of such election as was required by the statute. On a hearing, the testimony showed that the employer had received notice from the commission to make provision for accidents or injuries occurring in connection with the operation of his business under said act; that he had complied with said notice by taking out indemnity insurance under the act and had received a certificate from the commission that he had fully complied with all the requirements of said act. The employer, after this evidence was brought out, was asked, "In other words, you concluded to work under the Workmen's Compensation Act?" and he answered, "Yes, and I received a certificate from them." The Supreme Court held that this was presumptive evidence of the filing of notice of election as required by law and in that connection said: "Whether or not an employer elects to operate under the act is a question of fact. Paragraph (a) requires that notification

of such election shall be filed with the commission but does not prescribe a particular form of notice to be used, and where the employer, as in this case, upon receipt of a demand that he comply with section 26 (Cahill's Ill. St. ch. 48, ¶ 226), satisfies the commission of such compliance and receives its certificate to that effect,—which action on his part he explains as having been the result of his determination to operate under the act,—he cannot be heard to say that he had not elected to come under the act, merely because he had not filed formal notice of such election with the commission.'' The court proceeded to hold that the employer had elected to come under the Workmen's Compensation Act.

In the case at bar it would seem that although Fuhrman & Forster had not filed a formal written notice to the effect that they had elected to be bound by the Workmen's Compensation Act, they had taken out insurance covering the obligations imposed upon them by the act, such insurance covering all their employees and, apparently, pursuant to the provisions of section 26 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 226), the insurance company had filed a formal certificate of insurance to the above effect with the Industrial Board. As stated by the Supreme Court in the *Paul* case, the act does not prescribe a particular form of notice of election to be filed by the employer, and although the situation in the case at bar is not precisely that involved in the *Paul* case, it would seem that the testimony referred to is presumptive evidence of the filing of notice of election by Fuhrman & Forster as required by the act. The filing of the certificate of insurance by the insurance company was an act impliedly authorized to be taken by the company when Fuhrman & Forster took out the insurance and the filing of that certificate amounted to the filing of a notice of election by Fuhrman & Forster to be bound by the act and thereafter

Fuhrman & Forster should not be heard to say that they were not under the act, nor should the plaintiff, inasmuch as the act provides that in the event of any employers electing to provide and pay compensation under the act, then every employee of such employer shall be deemed to have accepted all the provisions of the act and shall be bound thereby, unless within the time prescribed he shall file a notice to the contrary with the Industrial Board, and it is not contended that any such course was taken by the plaintiff. Particularly is this true when the evidence shows that after Wachuta was injured, the company served the defendants with notice of subrogation and the plaintiff received compensation under the act from the insurance company.

When, in rebuttal, the plaintiff offered evidence tending to show that the defendant had elected not to be bound by the Workmen's Compensation Act, the court did not err in sustaining the objections interposed by the defendants. The declaration did not mention the Workmen's Compensation Act nor did it set forth any facts showing or tending to show that the plaintiff was within the act. It did not indicate the nature of the plaintiff's business nor even mention his employment or give the name of his employer but merely alleged that at the time of his injury the plaintiff was ''driving a team of horses pulling a wagon.'' The declaration set up a common-law right of action. The testimony offered by the plaintiff, in rebuttal, tending to establish the fact that the defendants had elected not to be bound by the Workmen's Compensation Act, was at variance with the plaintiff's pleading in that it tended to establish that even though the plaintiff and his employers be considered as under the act, the plaintiff, nevertheless, had a right of action under the latter part of section 29 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 229). *O'Brien v. Chicago City Ry. Co.,* 220 Ill. App. 107.

The plaintiff submitted no motion for leave to amend his pleading.

For the reasons stated the judgment of the superior court is affirmed.

*Affirmed.*

O'CONNOR, P. J., concurs.

MR. JUSTICE TAYLOR dissenting: Inasmuch as the evidence fails to show any communication of any kind, oral or written, between the Industrial Board and the employer, I am unable to agree with the opinion of the majority that the statute which requires that notice shall be filed with the Industrial Commission has been complied with.

In the *Paul* case, *supra,* the evidence showed that the employer had received notice from the Industrial Commission to make provision for injuries occurring in connection with the operation of his business under the act; that he had complied with that notice by taking out indemnity insurance under the act and had received a certificate from the commission that he had fully complied with all the requirements of the act. There the minds of the parties met on the subject of notice and each had knowledge of the acts of the other, and, as the court said, the employer could not then be heard to deny notice; but, in the instant case, there is no word nor act from the Industrial Board to the employer nor from the employer to the Industrial Board; there is a complete *hiatus.* The majority opinion undertakes to make a *nexus* by considering the acts of the employer towards a third person, the insurance company, but if the law requires an employer to file a notice with the Industrial Board it cannot be considered he has complied therewith if he has merely had some communication on another subject, such as that of indemnity insurance, with a third person. Then, too, to consider what was done in the instant

case as compliance with the requirements of the statute in regard to filing notice might work a very great hardship on injured employees; for, if they should retain counsel and the latter undertook to find out whether their client's employers were under the Compensation Act, it might be impossible to obtain from the records and archives of the Industrial Board that definite information necessary to decide whether or not to advise a common-law action or otherwise. Under the circumstances, I am constrained to dissent.