---

No. 14653.—Reversed and remanded.)
OWEN O'BRIEN, Appellant, *vs.* THE CHICAGO CITY RAILWAY COMPANY *et al.* Appellees.

*Opinion filed June 21, 1922—Rehearing denied December 8, 1922.*

1. WORKMEN'S COMPENSATION—*section 6 of Compensation act, abolishing employee's common law action, applies only to parties under the act.* Section 6 of the Compensation act, limiting the injured employee's right to recover compensation to the provisions of the act, applies only to the right of the employee as against an employer who is under the act, and its provisions must be construed in connection with sections 11 and 29. (*City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157, explained.)

2. SAME—*when employer is entitled to subrogation or indemnity under section 29 of Compensation act.* Under section 29 of the Compensation act, where the injury is caused by the negligence of a third party the employer has a right of action against the third party whether or not the third party is under the act, but if the third party is not subject to the provisions of the act, so that his liability to the employee remains unaffected by the act and entitles the employee to the full extent of damages at common law, the employer has a lien upon such damages to the extent of the compensation to be paid under the act.

3. SAME—*when employee has no right of action against third party causing injury.* Under section 29 of the Compensation act, where the injury is caused by the negligence of a third party who is bound by the provisions of the act, the employee has no right of action against the third party, but such right is transferred to the employer who has paid the compensation fixed by the act. (*Keeran* v. *P., B. & C. Traction Co.* 277 Ill. 413, and *Friebel* v. *Chicago City Ry. Co.* 280 id. 76, explained.)

4. SAME—*when an employee may maintain common law action against third party under the act of 1913.* Under section 29 of the Compensation act of 1913 the injured employee's common law action against a third party whose negligence was the proximate cause of the injury is not affected by the provisions of the act where the third party has elected not to be bound by the act, and the same allegations and the same proof will sustain the action as at common law, and at the same time the employee may recover compensation from his employer under the act. (*Gones* v. *Fisher,* 286 Ill. 606, followed.)

5. SAME—*when declaration at common law against third party is sufficient.* Under the Compensation act of 1913, where the employee brings a common law action against a third party whose negligence caused the injury and who has elected not to be bound by the act, the declaration need not allege that the defendant is not subject to the act, but as the employee's common law action remains unaffected by the act the usual declaration in a common law action is a sufficient statement of the case.

6. SAME—*amendment of 1917 did not repeal the Compensation act of 1913.* The amendment of the Compensation act in 1917 did not repeal the law of 1913 or the sections amended but those sections continued in force with such changes as were contained in the amendments.

7. SAME—*the amendment of 1917 did not remove common law action accruing under Compensation act of 1913.* As a statute will not be given a retrospective operation unless such intention is clearly expressed, the amendment of the Compensation act in 1917 making it compulsory as to certain employers cannot be construed to take from an employee a right of action at common law which prior to the amendment accrued against a third party under the provisions of the act of 1913.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JAMES C. MCSHANE, for appellant.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, FRANK L. KRIETE, and JOHN E. KEHOE, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On April 27, 1917, Owen O'Brien began an action on the case against the Chicago City Railway Company and the Chicago Railways Company for injuries alleged to have been received through the negligence of the defendants in running a street car at a high and dangerous rate of speed, without warning, along South Ashland avenue, in the city of Chicago, and striking and knocking down the plaintiff, who was an employee of the city engaged in its work and was on the street. There were two counts in the declaration, each of which charged that both the defendants had elected not to be bound by the provisions of the Workmen's Compensation act. The trial resulted in a judgment against the defendants for $12,500. The record was reviewed by the Appellate Court for the First District and by this court, and the opinions rendered are found in their chronological order in 216 Ill. App. 115, 293 Ill. 140 and 220 Ill. App. 107. The judgment was reversed and the cause was remanded. The appellant filed four additional counts in the circuit court and dismissed the original counts. The defendants demurred to the first two additional counts and the demurrer was sustained. They filed pleas of the Statute of Limitations to the third and fourth additional counts, to which the plaintiff demurred, and the demurrers were overruled. The plaintiff electing not to amend the counts to which demurrers had been sustained and to abide by his demurrer to the pleas of the Statute of Limitations, judgment was rendered against him in bar of the action and for costs. The judgment was affirmed in the Appellate Court, and a certificate of importance having been granted, the plaintiff appealed from the judgment of affirmance.

The original declaration was held on the former appeal to state a good cause of action for negligence at common law. (293 Ill. 140.) The averment that the plaintiff was employed by the city was immaterial to that cause of action. It did not show that the plaintiff or the city was

bound by the Workmen's Compensation act, and therefore the averment that the defendants had elected not to be so bound did not bring the case stated under the act but was surplusage, and, disregarding both averments, each count of the declaration contained a sufficient charge of common law negligence.

The first two additional counts differed from the two original counts only in that each count contains the additional allegation that the work of the city in which the plaintiff was engaged was the extra-hazardous work of excavating in and maintaining the highway. The effect of this additional averment was to show that the plaintiff and the city were bound by the terms of the Workmen's Compensation act. The third and fourth additional counts differed from the first and second additional counts only in containing the allegation that the plaintiff's injuries were not proximately caused by the negligence of the city or any of its employees. The demurrer to the first and second additional counts is based upon the absence of the allegation which is contained in the third and fourth additional counts, that the plaintiff's injuries were not proximately caused by the negligence of the city or any of its employees.

The plaintiff's injury is alleged to have occurred on March 23, 1917. At that time the Workmen's Compensation act of 1913 was in force. It is claimed by the appellees that that act took away from every employee who was covered by its provisions every common law or statutory right to recover damages for injury or death sustained while engaged in the line of his duty as such employee, other than the compensation provided by the act; that the only action available to such employee against a person through whose negligence he may have been injured in the course of his employment is found under the provisions of section 29 of that act. This claim is founded on the general proposition that the Workmen's Compensation act substitutes a new system of redress for injuries received

by employees in the course of their employment; that an employee who has a right to compensation under the act from his employer has no common law right of action for negligence against the person causing the injury, whether his employer or a third person; that the common law action for negligence is entirely abolished and the only remedies which exist are those which are found in the statute. This result is supposed to follow from the general scope of the statute as well as the particular provisions contained in sections 6, 11 and 29 of the act, which are as follows:

"Sec. 6. No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury.

"Sec. 11. The compensation herein provided, together with the provisions of this act, shall be the measure of the responsibility which the employer has assumed for injuries or death that may occur to employees in his employment subject to the provisions of this act.

"Sec. 29. Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such

employee. Where the injury or death for which compen-
sation is payable under this act was not proximately caused
by the negligence of the employer or his employees and
was caused under circumstances creating a legal liability
for damages on the part of some person other than the
employer to pay damages, such other person having elected
not to be bound by this act, then legal proceedings may be
taken against such other person to recover damages not-
withstanding such employer's payment of or liability to pay
compensation under this act, but in such case if the action
against such other person is brought by the injured em-
ployee or his personal representative and judgment is ob-
tained and paid, or settlement is made with such other
person, either with or without suit, then from the amount
received by such employee or personal representative there
shall be paid to the employer the amount of compensation
paid or to be paid by him to such employee or personal rep-
resentative: *Provided,* that if the injured employee or his
personal representative shall agree to receive compensation
from the employer or to institute proceedings to recover
the same or accept from the employer any payment on ac-
count of such compensation, such employer shall be subro-
gated to all the rights of such employee or personal repre-
sentative and may maintain, or in case an action has already
been instituted, may continue an action either in the name
of the employee or personal representative or in his own
name against such other person for a recovery of damages
to which but for this section the said employee or personal
representative would be entitled, but such employer shall
nevertheless pay over to the injured employee or personal
representative all sums collected from such other person by
judgment or otherwise in excess of the amount of such
compensation paid or to be paid under this act and all
costs, attorneys' fees and reasonable expenses incurred by
such employer in making such collection and enforcing such
liability."

These sections have received the consideration of the court in several cases, but we have failed to make sufficiently clear our interpretation of their meaning, for counsel on either side of this case, citing the same cases, claim that the opinions of the court are conclusive in favor of their opposite views.

The title of the Workmen's Compensation act of 1913 is, "An act to promote the general welfare of the People of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State; providing for the enforcement and administering thereof, and a penalty for its violation, and repealing" the act of 1911. Its main object was to provide a prompt, sure and definite compensation, with a quick, cheap and efficient remedy for injuries or death suffered by employees in the course of their employment, and its first section provided that any employer in this State might elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of the act and thereby relieve himself from any liability for the recovery of damages except as in the act provided. The subject matter of the act is the provision of compensation for accidental injuries or death suffered in the course of employment within this State. The theory of the common law, which rests the liability of the employer for accidental injuries to his workmen upon his fault or neglect, is cast aside, and such accidental injuries are regarded not in the light of faults or delicts or torts but industrial accidents, which are a charge upon the industry or business involved, to be paid for as a part of the expense of operating the business, which must be borne by the business and paid by the employer without regard to the question whether the employer or the employee was guilty of any fault. It is with the employer and his own employees that the act deals primarily, and it has no reference to third parties except

incidentally where the liabilities of such third parties for the injuries which constitute the subject matter of the act are considered in connection with the relative rights of the employer and his employees.

Section 6 abolished the common law right to recover damages for an injury sustained by an employee in the line of his duty as such employee and the statutory right to recover damages for the death of an employee caused by negligence while engaged in the line of his duty as such employee. The language of the section is broad enough, if considered as an independent sentence separate from any context, to deprive a workman injured in the manner mentioned, or his legal representatives or dependents, or any person otherwise entitled, of any right to recover damages against any person, whether his own employer, a fellow-employee of his own employer whose negligence caused the injury, another employer in the same or a different kind of industry, an employee of another employer, or a total stranger to employment in any capacity who negligently or maliciously caused the injury. In any interpretation of the language, however, the subject matter in connection with which it is used must be taken into consideration, and that subject matter here is compensation for injuries suffered in the course of employment,—not injuries generally or negligence generally. Those two subjects do not come within the scope of the act except as they are incidentally affected by the relation of employment,—the respective rights and liabilities of the employer and employee because of that relation. If sections 11 and 29 had been omitted from the act there would be no justification for concluding that section 6 abolished the right of action for negligence causing injury or death. The provisions of the latter section apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee. (*Goldsmith* v. *Payne,* 300 Ill. 119.) The common law right of action for negligence causing

injury to an employee against any person other than his employer, and the statutory right of action for negligently causing the death of an employee against any person other than his employer, remain unaffected by that section if it is considered alone, but in its interpretation not only must the subject matter to which it applies be taken into consideration but also all the other provisions of the act.

The Workmen's Compensation act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. The common law action for negligence can no longer be maintained but the statutory remedy, alone, is available. The act makes no reference and has no application to the rights and liabilities of third parties except as those rights and liabilities affect the relative rights of the employer and employee as between themselves.   Section 29 deals with cases of this character and only with cases of this character,—cases in which the injury or death was caused under circumstances creating a legal liability for damages on the part of some person other than the employer.   The language of the section assumes that the liability of a person other than the employer, which existed at common law, continues after the adoption of the act, for it is not where the injury or death was caused under circumstances which would have created a legal liability for damages on the part of some person other than the employer but for the passage of this act, but is "where an injury or death * * * was caused under circumstances creating a legal liability."   Under such circumstances other provisions of the act have imposed on the employer a liability to pay the fixed compensation regardless of the fact that he is wholly guiltless of negligence or of any fault.   The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of

the amount so received the employer, who was guiltless of any wrong, should receive indemnification for the compensation which he had advanced. The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury. It recognizes the division which the act established between employers and employees who are subject to the provisions of the act and those who are not, and establishes a different measure of liability for the negligent third party causing the injury where such third party was subject to the provisions of the act and where he was not. Where the negligent party was subject to the provisions of the act section 29 provided that the measure of his liability should be the damages sustained, not, however, exceeding the compensation payable under the act, and the employer of the injured employee should be subrogated to his employee's right against the party causing the injury; but where the person causing the injury was not subject to the provisions of the act his liability as it existed before the act was not affected, but the injured employee's employer should be subrogated to his employee's right to the extent of the compensation paid or to be paid under the act. (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413.) In *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, section 29 was again considered, and it was held, as in the *Keeran case,* that where the injured employee, his employer and the third person causing the injury were all under the act, the injured employee could not maintain an action against the third person; the right of action was transferred to the employer; the measure of damages was the compensation fixed by the act, and the employer could maintain the action against the third person without first paying the compensation awarded. The statement in the *Keeran case* that "the burden of making compensation should fall upon the person so causing the injury and the compensation should be such as was pro-

vided by the act" was inaccurate. It should be, that such other person causing the injury should be liable for damages for the injury and the measure of damages should be the damages actually sustained by the injured employee, not exceeding the aggregate amount of compensation payable under the act by reason of the injury or death of such employee. The opinion in the *Friebel case* followed the inaccurate statement of the *Keeran case.* In neither case was the question of the measure of damages involved, for the *Keeran case* was decided on a demurrer to pleas and the *Friebel case* on an instruction to find for the defendant. The inaccurate statement did not affect the judgment or the matters decided in those cases on the question of liability on those questions. These cases were followed in *Johnson* v. *Choate,* 284 Ill. 214, *Vose* v. *Central Illinois Public Service Co.* 286 id. 519, and *McNaught* v. *Hines,* 300 id. 167. In all of these cases all of the parties, the injured employee, his employer and the negligent third party causing the injury, were under the Compensation act and the cases were governed by the first part of section 29.

The question of the measure of damages in cases brought by the employer against the person causing the injury arose in *City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157, and it was there decided that the measure of damages to be recovered by the employer was the damages sustained by the employee in an amount not exceeding the aggregate amount of compensation payable under the act.

*Gones* v. *Fisher,* 286 Ill. 606, was an action on the case in which, in an ordinary common law declaration, the defendant was charged with negligently injuring the plaintiff by the operation of an automobile. The defendant by his plea alleged that the plaintiff was employed by a co-partnership, and both he and his employers were under the Workmen's Compensation act and the defendant had elected not to be bound by it; that the plaintiff's injury occurred in the course of and arose out of his employment and was

not proximately caused by the negligence of his employers or their employees; that the plaintiff had accepted $1000 from his employers under the Workmen's Compensation act, and that the plaintiff could not maintain any action against the defendant. It was held that the common law right of action was preserved in full, and that the plaintiff was not put to his election between compensation under the statute and damages at common law but could prosecute both proceedings at the same time; that the statute did not limit the damages he might recover, and this common law action might be maintained by the employer in his own name or maintained or continued in the name of the employee.

*Goldsmith* v. *Payne, supra,* was an action on the case against the Director General of Railroads for the United States. To a common law declaration for negligence the defendant filed a plea alleging that in operating the train he was engaged in both intrastate and interstate commerce; that the plaintiff was an employee of an Illinois corporation; that both he and his employer were bound by the provisions of the Workmen's Compensation act, and that his injuries arose out of and in the course of his employment. A demurrer to this plea was overruled but upon appeal by the plaintiff from the judgment rendered against him it was reversed, the court following the case of *Gones* v. *Fisher, supra.*

From these cases it appears that we have held (1) that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation act is abolished; (3) that the common law right of action of an employee against any other person than his employer for negligently

injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation act is not affected by the act but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time.

In accordance with these propositions the cause of action alleged in any of the counts in this case was not affected by the Workmen's Compensation act. The ordinary action on the case for negligence was the proper form of action and the usual declaration in such cases was a sufficient statement of the case. The additional counts were not necessary, and the allegation that the plaintiff's injuries were not proximately caused by the negligence of the city or any of its employees was surplusage, as well as the allegation that the defendants had elected not to be bound by the provisions of the Workmen's Compensation act. The plaintiff's right of action was not founded on the Workmen's Compensation act but on the common law, and if the defendants had any defense under that act it was incumbent on them to plead it, or if it was admissible under the general issue it might be proved without a special plea. It was not incumbent on the plaintiff to anticipate it and meet it by a denial or avoidance. The various counts all

stated the same cause of action, and the demurrers to them should have been overruled and those to the pleas of the Statute of Limitations should have been sustained.

The appellees argue that the cause of action set up in the additional counts is a different cause of action from that alleged in the original counts, because, they say, under the original counts no recovery by the plaintiff would be possible, for the reason that under that declaration, when it appeared that the plaintiff was entitled to compensation from his own employer, no proof would have been admissible to overcome the presumption that the defendants had elected to be bound by the act, and the allegation that they had elected not to be bound by the act being regarded as surplusage, could not be made the basis for the admission of proof to establish the fact. This argument ignores the fact that the plaintiff's cause of action as alleged in all the counts has nothing to do with the Workmen's Compensation act. It is merely a common law action for negligent injury, and the allegations in regard to the plaintiff's being subject to the provisions of the act and the defendants not being subject to the provisions of the act were wholly immaterial to the statement of this cause of action and were unnecessary anticipation of such pleas as were filed in the cases of *Gones* v. *Fisher, supra,* and *McNaught* v. *Hines, supra.* If those allegations had been wholly omitted each of the counts would have stated a good cause of action at common law, and being regarded as surplusage their presence was ineffectual to destroy that cause of action, as was held when the case was here before. (293 Ill. 140.)

The appellees further argue that the annexing of a special condition, by statute, to a common law cause of action makes the cause of action statutory and a different cause of action from that at common law, and they refer by way of argument to the statute prescribing a notice to a municipality as a condition precedent to the maintenance of an action for personal injuries negligently caused, citing

*Erford* v. *City of Peoria,* 229 Ill. 546, and *Walters* v. *City of Ottawa,* 240 id. 259. That statute required a notice to be given of the accident before any action against cities, villages and towns could be brought for personal injuries, and provided that if a notice was not given any suit brought should be dismissed, and it has no analogy to a statute which annexed no condition to an existing common law action and had no effect upon the right of the plaintiff to maintain the action against the defendant but merely provided for the division of the proceeds of the action after recovery of judgment.

The appellees also contend that the Workmen's Compensation act is a statutory substitute of a new system of redress for accidental injuries to an employee arising out of and in the course of his employment and is intended to supersede the old system of personal actions at law, and that it was never designed that an employee should have recourse both to the old system of redress by personal action against one who inflicted a tort upon him and the new system of compensation from his employer whether a tort had been committed or not. We have already considered this contention to some extent in the particular discussion of sections 6 and 29. Omitting section 29, there is no basis for a claim that the act substitutes the compensation provided by it for a personal action against a person other than the employer negligently causing the injury. The intention of the legislature is to be found in the words used in the act, considered in the light of the evil sought to be remedied and the previous condition of the law. The evil sought to be remedied was the condition in the relation of employers and employees which made the accidents which frequently occur in the course of employment subject to long, expensive and uncertain litigation between employers and those of their employees who suffered from such accidents. In considering this subject the legislature did not take into consideration the subject of injuries negligently caused by

one person to another between whom the relation of employer and employee did not exist, except in the one case where the injured person was entitled to compensation, and in that case it expressly made the distinction that if the person causing the injury was subject to the provisions of the act the right of action of the injured employee was abolished, and if the person causing the injury was not subject to the provisions of the act the right of action should continue. There is no other provision of the act which indicates a contrary intention or is inconsistent with the express provision of section 29. It is true that in *Keeran* v. *Peoria, Bloomington and Champaign Traction Co. supra,* it is said that "it was not intended that the injured person should be entitled to double compensation." That language is used with reference to the case then under consideration, which was governed by the first clause of section 29, which fixed the liability, as between themselves, of two employers who were subject to the provisions of the act, one of whom was liable to pay compensation and the other was the negligent cause of the injury. Both being under the act the statute provided one measure of damages, which should, as between themselves, be paid by the negligent party, and the proposition was correct in the connection in which it was used. It did not take into consideration the second clause of section 29, which was construed later in the case of *Gones* v. *Fisher, supra,* in which it was said that in cases governed by that clause the employee was not put to his election between compensation and damages, but that the common law action for damages and the statutory claim for compensation might be prosecuted at the same time. So in *City of Taylorville* v. *Central Illinois Public Service Co. supra,* the statement that section 6 was held in *Keeran* v. *Peoria, Bloomington and Champaign Traction Co. supra,* to prohibit an action by an employee within the provisions of the act against a third party, must be limited by the qualification that such third party is within the provisions

of the act, for that is what was decided in the *Keeran case,* and the *Taylorville case* was a case of that kind.

It is true, as stated by the appellees in their brief, that the English system of giving the employee an election between the two remedies is in force in New York, Massachusetts, Wisconsin and Michigan, and that the courts of those States hold that there can be no recourse to the remedies of both systems. They do so because the statutes of those States expressly provide, in varying language but to the same effect, that where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may, at his option, proceed either at law to recover damages or under the act for the compensation provided, but not against both. We know of no case in which an act not having substantially the provisions just mentioned has been held to deprive the employee of his common law action against the person, other than his employer, causing the injury, except in the State of Washington, the Supreme Court of which held that the Workmen's Compensation act of that State abolished all rights of action against every person to recover damages sustained by workmen injured in the course of their employment. (*Peet* v. *Mills,* 76 Wash. 427.) When the same question on the same statute came before the United States court of appeals for the ninth circuit it reached a conclusion at variance with that of the State court. (*Meese* v. *Northern Pacific Railway Co.* 211 Fed. 254.) The judgment of the circuit court of appeals was reversed by the Supreme Court of the United States, which did not pass upon the construction of the act but held that the Federal courts must accept the conclusion of the highest court of the State as to the construction of the act. (*Northern Pacific Railway Co.* v. *Meese,* 239 U. S. 614.) The result of these various constructions is to deprive the judgment of the State court of much of its persuasive force.

In Wisconsin it was held that the provisions of the Workmen's Compensation act of that State are applicable only between employer and employee and are not applicable to the case of an employee sent by an employer to work for a third person by whose negligence he was injured, and in such a case the employee could maintain an action against the third person for a tort. The court said: "The purpose and effect of the Workmen's Compensation act is to control and regulate the relations between an employer and his employee. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which said third person commits against him unless it be in a case such as is provided for by section 2394-6, Stat. 1913. (Chap. 599, Laws of 1913.) The present case does not come within that section, and hence it is unnecessary to consider its effect." (*Smaile* v. *Wright Washer Manf. Co.* 160 Wis. 331.) The "case such as is provided for by section 2394-6" is where it is provided by that section that "any employer subject to the provisions of sections 2394-3 to 2394-31, inclusive shall be liable for compensation to an employee of a contractor, or sub-contractor under him, who is not subject to sections 2394-3 to 2394-31, inclusive, and has not complied with the conditions of sub-section 2 of section 2394-24 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or sub-contractor shall also be liable for such compensation but the employee shall not recover compensation for the same injury from more than one party." In the case cited an electrician in the employ of one company was sent to do wiring for another company in its shop and was injured by a traveling crane under such circumstances that the company operating the crane was liable for the injury, and it was held

that the employee was entitled to maintain an action at law and to recover the full amount of damages which he sustained without reference to the Workmen's Compensation act, though both companies were subject to the provisions of that act. The Supreme Court of Appeals of West Virginia holds that an employee injured in the course of his employment is entitled to compensation under the act whether his injuries were occasioned by the negligence of the master or not. If occasioned by the negligence of a third person his right to compensation under the act is not affected, nor is his right of action against the third person causing the injury impaired. (*Mercer* v. *Ott,* 78 W. Va. 629; *Merrill* v. *Marietta Torpedo Co.* 79 id. 669.) A release given by an employee to his employer upon the receipt of compensation under the New Jersey Workmen's Compensation act as compensation for injuries received in the course of his employment does not release a third party whose negligence caused the injury, and a settlement with and release of the third person whose negligence caused the injury does not bar the employee from recovering compensation under the act from his employer. (*Jacowicz* v. *Delaware, Lackawanna and Western Railroad Co.* 87 N. J. L. 273; *Norwalk Paving Co.* v. *Klotz,* 85 id. 432; 86 id. 690.) The right to compensation and the right to recover damages of the tort feasor are of so different a character that the employer has no right, by way of subrogation, to the claim of the workman against the tort feasor. (Ibid.) In the case last cited it was said that the conclusion reached made it possible for the employee to receive double compensation under the act of 1911; that this was probably not the intent of the legislature though the result of the language of the act, and that the difficulty seemed to be obviated by the amendment of 1913. No injustice is done to a person negligently injuring another in requiring him to pay the full amount of damages for which he is legally liable without deduction for compensation which the injured person may receive

from another source which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accidents, a life insurance policy, a benefit from a fraternal organization or a gift from a friend.

The appellees regard the right of action of an employee against a third person not under the act, negligently injuring him, as a statutory grant, but such right is not a new right. It existed without any statute before the first workmen's compensation act in any country, and it has not been abolished or modified. The same allegations and the same proof will sustain the action as would do so at common law. Section 29 by its second clause does not grant a right to the employee, but merely provides a lien or a means of indemnification for the employer whose freedom from negligence may be regarded as a justification for giving him a lien upon the claim which the injured person has for full damages for his injury against the person whose negligence caused it.

The act of 1913 was amended in 1917 so as to apply automatically to all employers and employees in the extra-hazardous businesses mentioned in section 3. Other sections were also amended, including sections 11, 29 and 32, and the appellees contend that under the act as amended this action is not maintainable; that the plaintiff's right of action on July 1, 1917, when the amendment went into effect, was merely an inchoate expectancy, which the legislature had a right to take away, and that the purpose to do so was clearly manifested in the amendment. The amendment of 1917 did not repeal the law of 1913 or the sections amended, but those sections continued in force with such changes as were contained in the amendment. (*City of Chicago* v. *Roofing Co.* 282 Ill. 537; *People* v. *Zito,* 237 id. 434.) The appellant's cause of action was not founded on the statute of 1913 and was not affected by the amendment of that statute, which did not purport to affect rights

of action previously accrued, whether at common law or under the statute. Following the ordinary rule which prohibits the retrospective operation of statutes unless the language is so clear that it will admit of no other construction, the statute must be given a prospective operation, only. (*White Sewing Machine Co.* v. *Harris,* 252 Ill. 361; *People* v. *Lower,* 236 id. 608.) If the legislature had the power to destroy the plaintiff's cause of action, the amendment ought not to be given such an unjust and oppressive effect unless the words requiring it to have such operation are so clear that no reasonable doubt can exist of the intention. The language of the amended sections refers to the future, only, and in form declares the law shall be as provided in the amendment from the date of the taking effect of the amendment, which was July 1, 1917.

The appellees contend that the amendments did not affect substantive rights but merely the remedy for the infringement of them. They say that the substantive right of the appellant was the right not to be subjected to bodily injury. This is not a correct statement. His right was, not to be negligently injured and to recover full damages if he were so injured. To substitute for this right the right to receive a fixed amount of compensation for an accidental injury received without regard to negligence is not a change of procedure but a change of substantive right,— the taking away of one right and the substitution of a different right in its place. The amendments effected a change in the rights of employers and employees in circumstances similar to the circumstances of this case, but they were effective only after July 1, 1917, and they did not apply to the right of action of the appellant against the appellees.

The judgments of the Appellate Court and of the superior court are reversed and the cause is remanded to the superior court.    *Reversed and remanded.*