## Lorenzo Moscarelli, Administrator of the Estate of Nick Migliori, Deceased, Appellee, v. Fannie P. Sheldon, Appellant.

### Gen. No. 7,772.

1. EVIDENCE—*photographs of scene of accident.* Photographs of tne scene of an accident where a laborer in a ditch was killed by an automobile were admissible in evidence although taken on the following day, where there had been very little, if any change, in the physical conditions between the time of the accident and the time the photographs were taken, and the pictures were substantially a true representation of conditions as they existed at the time of the accident.

2. MOTOR VEHICLES—*instruction to be read as a whole.* In an action against an automobilist who ran over a laborer in a street ditch, a statement in an instruction that if the deceased "was then and there, and immediately prior thereto, in the exercise of due care for his own safety," etc., is not objectionable in that the quoted words do not state at what time and place deceased should have exercised due care, and that the words "then," "there," and "immediately prior thereto" are not connected with the time and place of the accident, where the instruction is not susceptible of such interpretation when read as a whole.

3. WORKMEN'S COMPENSATION ACT—*common-law action of employee against third person.* The personal representative of a city laborer has the right, regardless of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, to prosecute his common-law action against one causing the death of the decedent, where the defendant is not under the statute.

4. Workmen's Compensation Act—*negligence of employer as defense to employee's action against third person.* In a common-law negligence action by the personal representative of a city laborer against an automobilist causing his death, negligence of the city in not protecting the employee is not available to the defendant as a defense by virtue of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229, the defendant not being under the statute.

5. Workmen's Compensation Act—*admissibility of evidence in action against third party of compensation received by employee.* In a common-law negligence action by the personal representative of a city laborer against an automobilist causing his death, evidence was inadmissible as to the amount of compensation which had been paid by the city under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*

6. Highways and streets—*negligence of city as defense for negligent automobilist injuring city laborer.* Where the negligence of an automobilist is the proximate cause of the death of a city laborer exercising due care while working in a street ditch, it is no defense that the city was negligent in not barricading the ditch and in not giving some warning of its existence.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. Edward D. Shurtleff, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 25, 1927. Rehearing denied February 6, 1928.

Lathrop, Lathrop & Brown, for appellant; John A. Bloomingston, of counsel.

Hall & Dusher, for appellee.

Mr. Justice Jones delivered the opinion of the court.

Appellee, Lorenzo Moscarelli, administrator of the estate of Nick Migliori, deceased, obtained a judgment for $10,000 against appellant, Fannie P. Sheldon, in the circuit court of Winnebago county for the death of appellee's intestate, and an appeal has been prosecuted to this court.

National avenue in the city of Rockford extends north and south, is 28 feet wide and has a macadam pavement with a tarvia binder or top. On the morning of April 23, 1925, three workmen employed by the

city, including Migliori, started to dig a hole in the center of this street. At the time of the accident the hole was about 6½ feet long north and south, 2 feet 8 inches wide east and west and about 2 feet deep. The dirt which was taken out of the excavation was thrown on all sides of it, except to the east, there being a clear space of almost 14 feet from the east side of the opening to the east curb of the street. The dirt on the west side of the excavation was in a pile, about 10 feet long, 1½ feet high and 5 feet wide. On the north side, it was 5 feet long, 3¼ feet wide and 1 foot high. Just before the accident all of the men left the job, except Migliori who remained at work. About 2:30 o'clock p. m. appellant drove a Packard automobile north on this street at the rate of about 20 miles per hour. When she got in front of the Atwood house which was being erected on the east side of the street about 150 feet south of the excavation, her attention was attracted to that building. When she next looked north in the street she saw the black hair of a man who was working in the ditch. The automobile straddled the ditch, went 12 or 15 feet before it was stopped, struck Migliori and he received injuries from which he died.

The declaration charged general negligence. Appellant filed the general issue and a special plea alleging that the deceased and the city were subject to the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 et seq.; that appellant was not under the act; that the death was caused proximately by the negligence of the city in not barricading the excavation or giving some notice or warning that the street was being excavated, and as a consequence of such failure, appellant had no warning or notice of such excavation, or that the deceased was working therein. A demurrer was sustained to this plea, and appellant filed an amended special plea which was substantially the same as the original. A demurrer was likewise

sustained to the amended plea. Appellant asked the court to submit to the jury a special interrogatory whether the death was proximately caused by the negligence of the city, but the court refused to submit it.

There was admitted in evidence four photographs of the scene of the accident taken at 10 o'clock the next morning after the accident. Appellant objected on the grounds that there was no evidence to show the location of the camera at the time the pictures were taken and that they were not properly identified. We think there is no merit in this contention. The evidence shows that there had been very little, if any, change in the physical conditions between the time of the accident and the time the pictures were taken; and that the pictures were substantially a true representation of conditions as they existed at the time of the accident. The preliminary proof complied with the rule as laid down in *Stevens v. Illinois Cent. R. Co.,* 306 Ill. 370, and *Lake Erie & W. R. Co. v. Wilson,* 189 Ill. 89. If there was any change in the conditions, it was in the amount of the dirt on the sides of the excavation. However, the dirt was measured a few minutes after the accident and the amount of it was not in serious dispute.

The second instruction on behalf of appellee relates to the duty of appellant to reasonably use her faculties to avoid injury to the deceased at the time and place of the accident. It states that if the deceased "was then and there, and immediately prior thereto, in the exercise of due care for his own safety," etc. The objection is that the words quoted do not state at what time and place deceased should have exercised due care; that the word "then" and the word "there" and the words "immediately prior thereto" are not connected with the time and place of the accident and immediately prior thereto. When this instruction is read as a whole, it is not susceptible of the interpretation sought to be placed upon it. The words "then" and

"there" refer to the time and place last specified which in this case was the time and place of the accident. (*Vogrin v. American Steel & Wire Co.*, 263 Ill. 474.)

The sixth refused instruction relates to the burden of proof and was fully covered by the fifth and seventh given instructions. The substance of the seventh refused instruction was fully covered by the third, sixth and seventh given instructions. Appellant's second, third, fourth and fifth refused instructions were tendered upon the theory that negligence on the part of the city constitutes a defense which should have been submitted to the jury under section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229. The court's refusal of these instructions, its refusal to submit to the jury the special interrogatory, and its action in sustaining the demurrer to the amended special plea are assigned as errors and will be considered together. Section 29 of the Compensation Act has two divisions. The first applies to cases where all of the parties are under the act. The second relates to cases where some of the parties are under the act, and where a third party not under the act has been guilty of negligence. In *O'Brien v. Chicago City R. Co.*, 305 Ill. 244, the Supreme Court construed the said section contrary to the contention of appellant. It held that the common-law right of action of an employee against any person other than his employer, where such other person was not bound by the Compensation Act, is not affected by the act; that his right of action is preserved in full force and effect; that the employer, who is free from negligence, is entitled to be indemnified from the proceeds of such cause of action for such compensation as he is bound to pay; that the cause of action may be prosecuted in the name of either the employer or the employee for the benefit of both, in accordance with their respective rights; and that the injured employee is not put to an election between compensation under the statute and

damages at common law, but may prosecute both remedies at the same time. Under this authority appellee had the right to prosecute his common-law action against appellant regardless of the Compensation Act, therefore the demurrer to the amended special plea was properly sustained, and the special interrogatory as well as the second, third, fourth and fifth instructions offered by appellant were properly refused. No error was committed in refusing to admit evidence as to the amount of compensation which had been paid by the city.

Appellant claims that the city was negligent in not barricading the excavation and in not giving some warning of its existence. If the preponderance of the evidence showed that appellant was guilty of the negligence as alleged in the declaration; that such negligence was the proximate cause of the death, and that the deceased was in the exercise of due care, then appellant was liable regardless of the negligence of the city.

Objections were sustained to questions put to the city engineer and another witness relative to alleged declarations of the city engineer about flags having been bought by the city for use in protecting excavations of this kind. Both witnesses had been called by appellee and the questions asked were not proper on cross-examination.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*