Mandus DeMay, Administrator of Estate of Harold DeMay, Deceased, Appellee, v. Robert Brew and John C. Brew, Appellants.

Gen. No. 9,790.

184

Opinion filed December 22, 1942. Rehearing denied February 2, 1943.

THOMAS J. WELCH and VERA M. BINKS, both of Kewanee, for appellants; CLARENCE W. HEYL, of Peoria, of counsel.

BERGLAND & EVERETT, of Galva, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This action arises from the death of plaintiff's intestate, occasioned by a collision of a motorcycle, ridden by him, with an automobile driven by Robert Brew. The collision occurred on a ten foot, concrete highway which ran north from U. S. Highway 34, to the Midland Country Club in Henry county. The deceased was riding his motorcycle south upon said highway. Robert Brew was driving the automobile north thereon. The accident happened on July 5, 1939, at about 2:30 o'clock in the afternoon. The car being driven by Robert Brew belonged to his father, John C. Brew, who is an appellant herein. The case was before this court at its May term, 1940, and reversed and remanded. (306 Ill. App. 505.) It is now before the court upon appeal by the defendants, from judgment upon a verdict in the sum of $7,000.

The complaint charged that Robert Brew was operating an automobile owned by his father, John C. Brew, at the time of the accident, and that same was the result of the negligence and wrongful conduct of the said Robert Brew. The driver of the car was a minor. An answer on his behalf by guardian *ad litem,* denied all charges of negligence or wrongful conduct, denied agency, and averred the accident was due to the negligence and wrongful conduct of the deceased. The father, by his answer, denied all charges of agency,

and denied the boy had the car with his knowledge or consent. There was no eyewitness to the accident, who testified. The physical facts connected with the collision furnished the substantial part of the evidence.

Mr. Brew was greenskeeper at the Midland Country Club. Mrs. Brew was in charge of the clubhouse and ladies' locker room. The boy, Robert Brew, was working for the club. He was on his way to the country club when the accident occurred. The weather was threatening, and a storm was about to break. He stated to some of the officers at the hospital, that he was driving about 65 miles an hour in an effort to reach the clubhouse before the storm broke; that he was driving about the middle of the concrete roadway; and that he did not see the deceased until after the collision.

It appears that the left front tire was torn from the car; the left headlight and left front fender badly damaged; and the left side of the car slightly damaged. From the pictures introduced in evidence, it is apparent the left front fender and wheel of the car first came in contact with the motorcycle; and that the motorcycle was struck near the middle of the left side, just in front of where the seat is located.

Evidence on the part of appellee showed the deceased to be of careful habits and experienced, in the operation of his motorcycle; that he was a strong, healthy, young man, living with his parents on a farm; and possessed of substantial earning capacity.

Appellants argue five points for reversal. The first, is based upon the court's refusal to direct a verdict for defendants. The fifth, is based upon the ground that the verdict is against the weight of evidence. Points two, three and four, are directed toward the question of agency as between appellants.

Over forty witnesses testified in the case. The evidence is too extensive to undertake a discussion thereof in this opinion.

The court is satisfied with the verdict of the jury on the questions of fact so far as appellant, Robert Brew, is concerned. This eliminates points one and five urged by appellants for reversal. With respect to points two, three and four, on the question of agency, the court is of the opinion the evidence fails to establish agency between the father and son. This eliminates the last three-mentioned points urged for reversal. Where there is no evidence tending to support the verdict, a court of review may reverse a judgment without remanding it. *Taylor v. City of Berwyn*, 372 Ill. 124. Under par. (f) of sec. 92 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.092], a court of review has power, on appeal from a judgment for damages against joint tortfeasors, to reverse the judgment as to one and affirm as to the other. *Crane v. Railway Express Agency*, 369 Ill. 110.

The judgment of the circuit court is affirmed as to appellant defendant, Robert Brew, and the judgment of the circuit court is reversed as to appellant defendant, John C. Brew.

*Affirmed in part, and reversed in part.*