William Johnson, Appellee, v. Harri Turner et al.,
Appellants.

Gen. No. 9,835.

Opinion filed April 28, 1943. Rehearing denied June 23, 1943.

DIXON, DEVINE, BRACKEN & DIXON, of Dixon, for appellants; ROBERT L. BRACKEN, of Dixon, of counsel.

MARK C. KELLER and WARNER & WARNER, all of Dixon, for appellee; MARK C. KELLER and HENRY C. WARNER, both of Dixon, of counsel.

Mr. Justice Dove delivered the opinion of the court.

This case involves the construction of section 29 of the Workmen's Compensation Act (Ill. Rev. Stat. 1941, ch. 48, par. 166 [Jones Ill. Stats. Ann. 143.44]). The issues are presented by an appeal from a judgment of the circuit court of Lee county for $5,000 in favor of appellee against appellants in a personal injury suit.

Appellants invoke the provisions of the second paragraph of the above mentioned section 29, on the ground that appellee's employer was bound by the Workmen's Compensation Act, and that appellants were not so bound. The pertinent portions of section 29 are the first two paragraphs thereof, which provide:

"Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee.

"Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this

act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative.''

Appellee, a carpenter, was employed by Mark D. Smith, a contractor. On October 4, 1939, shortly after 4 o'clock p. m., in company with Joseph Fagan, another carpenter employed by Smith, they were riding west on a public highway in Lee county, returning home in Smith's automobile from work on the Bunnell farm, located about three and one-half miles south and nine and one-half miles east of Ashton. Smith was driving the car. Fagan was on the front seat with him, and Johnson sat on the right hand side of the rear seat. At the intersection of the highway mentioned with a north and south public highway, there was a collision between Smith's car and a truck coming from the south, driven by Robert Greenfield. Fagan and Greenfield were knocked unconscious, Smith was killed, and Johnson was severely injured.

Appellee's complaint named Robert Greenfield, Harri Turner, Florence Turner, Robert Turner and Charles R. Rice, as defendants. The complaint consisted of five counts. The first count charges general negligence in the operation of the truck. The second, third and fourth counts respectively charge separate violations of paragraphs (b) and (c) of section 49, and section 68 of the Motor Vehicles Act (Ill. Rev. Stat, 1939, ch. 95½, pars. 146, 165 [Jones Ill. Stats. Ann. 85.178, 85.197]). These charges are respectively that the truck was driven at a speed greater than was then and there reasonable and safe, having regard to the traffic and the use of the way; approaching and attempting to cross the intersection without decreasing

the speed of the truck; and a failure to give the right of way to Smith's car, approaching from the right. The fifth count, charging wilful and wanton misconduct, was later stricken on appellee's motion.

The first count of the complaint alleges, among other things, that the plaintiff was a passenger in a certain passenger automobile owned and driven by Smith in a westerly direction along the public highway approaching the intersection above mentioned; that Smith was then and there and at all times thereinafter mentioned in the exercise of due care for his own safety and for the safety of the plaintiff and for the safety of all persons and property lawfully then and there upon and using said public highway; that Greenfield was then and there driving a truck registered in the name of Robert Turner; that the truck was owned by the defendants Harri Turner, Florence Turner and Robert Turner, or one or more of them, and was then and there being driven by Greenfield as an employee in the course and conduct of a business enterprise or partnership then being conducted by and on behalf of Harri Turner, Charles R. Rice, Florence Turner and Robert Turner, or by one or more of them, in the business of buying and selling livestock and lending money for the purchase thereof; that said truck was then and there being driven in a northerly direction upon the highway running north and south, and approaching the intersection mentioned from a southerly direction; and that Greenfield was then and there the employee and agent of the partners aforesaid in the operation of the truck. Each count realleges these allegations, which will be hereinafter further noticed.

The defendants answered the complaint, denying each allegation of each count. Robert Turner being a minor, the court entered an order appointing a guardian *ad litem* for him, with leave to adopt the answer of the other defendants.

An amendment to the answer was filed, setting out that at the time and place of the alleged injuries the

plaintiff was an employee of Smith, who was a general contractor subject to the terms of the Workmen's Compensation Act, being sections 17 to 39.9 both inclusive, thereof; that plaintiff was then and there in and about his duties as such employee, and was subject to and chargeable with any negligence on the part of Smith, which in any way contributed to the alleged injuries; and that should there be any recovery in this case, Smith is entitled to be first paid for any sums paid to.the plaintiff or on his behalf, pursuant to the terms of the statute mentioned.

The suit was dismissed as to Florence Turner and Charles R. Rice on appellee's motion, and the cause was tried by a jury, which disagreed and was discharged. Thereafter, the above mentioned amendment to the answer was stricken on appellee's motion, and subsequently, further amendments to the answer were successively filed. They embrace the same allegations as the stricken amendment, with additional allegations that at the time and place of the alleged injuries the plaintiff was subject to the orders and directions of Smith, and was in and about his duties in the course of his employment as such employee; that the defendants or either of them were not subject to the terms and provisions of the Workmen's Compensation Act, and are not persons contemplated by section 29 thereof, against whom a cause of action may be maintained for injuries received by workmen whose employers are subject to the terms of the act; that the plaintiff is subject to and chargeable with any negligence on the part of Smith, and that it is provided by section 29 of the act that before the plaintiff can effect a recovery in this case he must affirmatively establish that his injuries were not proximately caused by the negligence of his employer; that pursuant to the terms of the act, Smith paid the plaintiff workmen's compensation for his alleged injuries in the amount of $412.50, having procured workmen's compensation insurance from the Maryland Casualty Company, who

has made demand in writing on the defendants for the amount of compensation paid to the plaintiff, out of any moneys that might be recovered in this cause. These amendments were stricken in the order of their filing, on appellee's successive motions, and the cause was tried on the complaint and the original answer.

In addition to striking the amendments, the court instructed the jury that the negligence, if any, of appellee's employer, could not be attributed to appellee. The case, therefore, was tried on the theory that section 29 of the act does not apply which was in accord with appellee's contention. Appellants claim that the rights of the parties are governed by section 29; that appellee is chargeable with the negligence, if any, of his employer, and that he cannot recover without establishing that his injuries were not proximately caused by his employer's negligence; and that by the striking of the amendments appellee was relieved of complying with that requirement, and appellants were deprived of the right to offer any proof on that question. The action of the trial court in striking the amendments is the only ground urged for reversal.

Counsel for appellee argue that appellants are not within either of the classes of other persons mentioned in section 29, as persons bound by the act or persons who have elected not to be bound thereby, and are not, therefore entitled to invoke its provisions. Our decision in *Agar Packing & Provision Co. v. Becker,* 301 Ill. App. 237, is cited and relied upon. That suit was instituted by an employer of a deceased employee against a farmer, to recover compensation which the employer had paid to the decedent's widow, the decedent having been killed as a result of an automobile collision between the automobile he was driving and one being driven by Frank Becker, the defendant. Our decision in that case was based upon the fact that the defendant was a farmer, and expressly exempted from the operation of the Compensation Act by the proviso to section 3 thereof and we held he was not

liable in an action instituted under section 29 by an employer of a deceased employee who was under the provisions of the act. Our expressions in that case applied to the particular facts then before us.

In an effort to apply the holding in the *Becker* case to the case at bar, appellee claims that the testimony of Greenfield, that he had been hauling sheep to Clarence Hart's farm, shows the defendants were exempt from the terms of the act by the proviso to section 3. The proviso mentioned reads: "Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered."

Greenfield testified he delivered some sheep which belonged to Harri Turner, to the Hart farm, and was told to go there by Robert Turner. Appellee's complaint alleges the defendants were engaged in the business of buying and selling livestock and lending money for the purchase thereof. This allegation does not place appellants or their business within any of the activities mentioned in the proviso, but is entirely consistent with the conducting of a mercantile or brokerage business having no connection with any of such activities, and the mere delivery of sheep to a farm at the direction of one of such parties is obviously not within the terms of the proviso. The *Becker* case is not controlling here.

While our Supreme Court has not had before it the precise question of whether section 29 embraces among such other persons those who are omitted from the terms and provisions of the act, as well as such third persons as are without the act by an affirmative election, it has in several cases treated such persons who are merely omitted from the terms of the act as em-

braced in section 29 and decided the issues on that theory. These cases are reviewed in *City of Chicago v. Pizel*, 315 Ill. App. 216, where the Appellate Court for the first district decided the precise issue contrary to the contention of appellee, quoting the following excerpts from the cases mentioned:

*Goldsmith v. Payne*, 300 Ill. 119, 122: "But if the person, other than the employer, so liable for damages is not bound by the provisions of the act, then legal proceedings may be brought against such other person by either the employer or the injured employee."

*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, 253: "Where the person causing the injury was not subject to the provisions of the act his liability as it existed before the act was not affected, but the injured employee's employer should be subrogated to his employee's right to the extent of the compensation paid or to be paid under the act." And the same case at page 256: "While the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights."

*Baker & Conrad, Inc. v. Chicago Heights Const. Co.*, 364 Ill. 386, 396: "Passing to section 29, it was obviously the intention of this section that in those cases where the compensation for injuries had been paid by some employer, . . . and the injury or death was caused by the negligence of some third person either within or without the act and not by the negligence of such employer, such 'employer shall be subrogated to the rights of the employee or his legal representative.'"

*Huntoon v. Pritchard,* 371 Ill. 36, 44: "The purpose of section 29, supra, is to require the indemnification of the employer who is without fault out of the money recovered from a negligent third person. Where such third person is under the act his liability is limited to the amount of compensation paid, but where, as here, he is not under the act, the common law liability still exists and is unrestricted in amount . . . Section 29 has as its object the reimbursement of the employer where he is compelled to pay compensation as a direct result of the negligence of another. In this case the employer had to pay, in addition to compensation for the original injury, an additional amount to cover the aggravation caused by appellee's malpractice. To adopt appellee's construction would deprive the employer of his right of subrogation and confer upon appellee a benefit to which he is in no way entitled."

In *Thornton v. Herman,* 380 Ill. 341, 344, the court said: "Section 29 divides negligent third parties into two classes, namely: those that are bound by the act and those that are not."

We think, as held by the court in the *Pizel* case, *supra,* that it is quite clear the intention of legislature was to leave third parties, who by their negligence brought about an injury, responsible to the employee injured, and to the employer, who, without fault of himself or his employees, was required to pay out money by reason of such negligence. The provisions of the act are to be liberally construed. (*Ervin v. Industrial Commission,* 364 Ill. 56, 60; *Baker & Conrad, Inc. v. Chicago Heights Const. Co., supra,* 394.) Courts are not confined to the letter of the statute when such words are not within the intention, and such words may be modified or altered to obviate all inconsistency with such intention. (*Uphoff v. Industrial Board,* 271 Ill. 312; *Hoyne v. Danisch,* 264 Ill. 467; *Faber v. Industrial Commission,* 352 Ill. 115.) Our conclusion is that third persons omitted from the provisions of the

act are embraced within the provisions of the second paragraph of section 29, the same as third persons who are without the terms of the act by an affirmative election.

This leaves for consideration the question of whether, under the theory of appellants, above mentioned, the trial court erred in striking the amendments to their answer.

In *Huntoon v. Pritchard, supra,* citing *O'Brien v. Chicago City Ry. Co., supra,* and *Goldsmith v. Payne, supra,* the court said in the opinion: "The provisions of this section (29) apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee, . . . The purpose of section 29, supra, is to require the indemnification of the employer who is without fault out of the money recovered from a negligent third person. Where such third person is under the act his liability is limited to the amount of compensation paid, but where, as here, he is not under the act, the common law liability still exists and is unrestricted in amount."

*O'Brien v. Chicago City Ry. Co., supra,* is a leading case in this State, frequently cited and quoted. The record was twice reviewed by the Appellate Court for the first district, and twice by the Supreme Court, in the following chronological order: 216 Ill. App. 115, 293 Ill. 140, 220 Ill. App. 107, and 305 Ill. 244. In that case the plaintiff, an employee of the city of Chicago, sued the railway company for damages on account of injuries incurred by being struck by a street car while the plaintiff was engaged in excavating in and maintaining a highway. This brought the employer and the employee within the provisions of the Workmen's Compensation Act. The defendants had elected not to be bound by the act. After the cause was in the Supreme Court the first time, the plaintiff filed four additional counts to the declaration and dismissed the

original counts. The trial court sustained demurrers to the first two additional counts and overruled demurrers to special pleas of the statute of limitations to the third and fourth additional counts.

In the opinion in that case the court analyzes several of its prior holdings construing section 29, and summarizes those holdings in the following language: "From these cases it appears that we have held (1) that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation Act is abolished; (3) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation Act is not affected by the act but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time." On page 262 of the opinion it is further said: "No

injustice is done to a person negligently injuring another in requiring him to pay the full amount of damages for which he is legally liable without deducting for compensation which the injured person may receive from another source which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accidents, a life insurance policy, a benefit from a fraternal organization or a gift from a friend.''

Under the above holdings, it is manifest that what, if anything, an employer can recover under section 29, comes out of what the employee recovers from the third party. The amount the employee recovers from the third party is measured by the liability of the third party to him, regardless of whether his employer is or is not entitled to reimbursement or indemnification out of the money. It is of no consequence to the third party whether the employer receives any part of it or not. The third party's liability is not affected thereby, and the matter of whether the employer is reimbursed is a matter wholly between him and the employee.

In the *O'Brien* case, *supra,* after the five point summary of prior holdings, the opinion then goes on to say: ''In accordance with these propositions the cause of action alleged in any of the counts in this case was not affected by the Workmen's Compensation Act. The ordinary action on the case for negligence was the proper form of action and the usual declaration in such cases was a sufficient statement of the case. The additional counts were not necessary, and the allegation that the plaintiff's injuries were not proximately caused by the negligence of the city or any of its employees was surplusage, as well as the allegation that the defendants had elected not to be bound by the provisions of the Workmen's Compensation Act. The plaintiff's right of action was not founded on the Workmen's Compensation Act but on the common law,

and if the defendants had any defense under that act it was incumbent on them to plead it, or if it was admissible under the general issue it might be proved without a special plea. It was not incumbent on the plaintiff to anticipate it and meet it by a denial or avoidance. The various counts all stated the same cause of action, and the demurrers to them should have been overruled and those to the pleas of the statute of limitations should have been sustained.''

The complaint in the instant case alleges due care of appellee's employer, and negligence of appellants as the proximate cause of the accident and the resulting injuries to appellee. These allegations are traversed by the answer, and under the holding in the *O'Brien* case, this made a complete issue. The allegation of due care of appellee's employer negatives his negligence being the proximate cause of the injuries. If appellants desired to prove that he was in fact guilty of negligence which was the proximate cause of or contributed to the injuries, or that appellants were not guilty of negligence, evidence in support of any such facts was admissible under the issues made by the complaint and the original answer, and appellants were not deprived of any defense in that respect by the striking of the amendments to the answer.

We cannot agree with the contention of appellants that appellee is chargeable with any negligence of his employer. The doctrine of imputed negligence has been, except in limited classes of cases, repudiated by most courts of this county. One of the excepted classes is, that if appellee and the driver of the car had been engaged in a joint enterprise, the negligence, if any, of the driver, in the operation of the car in which they were riding, would be imputable to appellee. (*Grubb v. Illinois Terminal Co.*, 366 Ill. 330.) As a general rule, it may be said that in order to impute the negligence of one person to another, there must exist between them some relation of master or superior

and servant or subordinate or other relation akin thereto. The relation between them must be one invoking the principles of agency, or the persons must be cooperating in a common or joint enterprise, or the relation between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person actually negligent. Negligence in the conduct of another will not be imputed to a party if he did not authorize such conduct, participate therein, or have the right or power to control it. (38 Am. Jur., Negligence, page 921, sec. 235.) The same authority, on page 939, sec. 248, says: ''The negligence of an employer who is driving a vehicle is not imputable to an employee who is occupying the vehicle and is about the business he is hired to do. He does not have charge of the vehicle and cannot direct its operation.''

In *Buckler v. City of Newman,* 116 Ill. App. 546, it is held that the test of the responsibility of a passenger for the negligence of the driver of a vehicle in which he is riding, causing an injury to the passenger, depends on whether the passenger had the right of control over the driver so as to constitute the relation of master and servant between them.

There is nothing in the Workmen's Compensation Act which changes, modifies or affects these principles in an action between an employee of an employer bound by the act and a third person not bound by the act. The action being the same common law action, as between such employee and such third person as it existed before the passage of the Workmen's Compensation Act, these principles are applicable here. Particularly so, as the allegation in the amendments to the answer, that at the time and place of the alleged injuries appellee was an employee of Mark D. Smith, his employer, subject to the orders and directions of such employer, show that the transaction was

not a joint enterprise, but was that of employer and employee. Hence, any negligence of appellee's employer was not attributable to appellee, and the liability or nonliability of appellants being determinable under the common law, the issues resolve themselves into the question of whose negligence was the proximate cause of appellee's injuries.

As to the claim that before appellee can recover in this case he must affirmatively establish that his injuries were not proximately caused by the negligence of his employer, we note the rule laid down in *Storen v. City of Chicago*, 373 Ill. 530, 533: "Where two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action. (1 Cooley on Torts (4th ed.) p. 276ff, sec. 86; 62 Corpus Juris, (Torts,) sec. 45.) If, however, a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. (*Seith v. Commonwealth Electric Co.*, 241 Ill. 252.)"

It is obvious that the accident in this case cannot be classified under the second division of the rule. It is equally obvious that the occurrence arose out of concurrent acts of the drivers of the two vehicles, and that the negligence of one or both of them produced the injuries. The liability of appellee's employer for appellee's injuries is fixed and limited by the Workmen's Compensation Act, regardless of any question as to the employer's negligence. Under the holding in the *O'Brien* case, *supra,* the liability of appellants, if any, is still determined as at common law. If the drivers of both vehicles were guilty of concurrent negligence which produced appellee's injuries, then under the first

division of the rule above mentioned, appellants and appellee's employer would both be liable, from which it follows that in such a case the liability of appellants would be unaffected by the negligence of appellee's employer, and it would not be incumbent upon appellee to establish that his employer's negligence was not the proximate cause of the injuries he sustained. The question of whose negligence was the proximate cause of those injuries was a question of fact to be determined by the jury from the testimony, under appropriate instructions from the court.

In support of their contention, appellants rely upon a holding in the *O'Brien* case when it was before the Supreme Court the first time (293 Ill. 140). The trial court had instructed the jury: "You are instructed that the fact, if it be a fact, that plaintiff's foreman was guilty of negligence which contributed to his injury is no defense to this suit, provided you further find from the evidence that plaintiff did not in any manner cause, induce or contribute to said negligence, if any, on the part of said foreman." The Supreme Court, in passing on this instruction, said: "Under the case made by the declaration defendants had a right to the benefit of any facts and circumstances that would tend to show that the negligence of others, and not their negligence, was the proximate cause of the injury. This instruction deprived them of that right, and the giving of it constituted reversible error." The holding does not sustain the contention of appellants. Its effect is to confirm the proposition above set out that if appellants desired to prove that appellee's employer was guilty of negligence which was the proximate cause of or contributed to appellee's injuries, evidence in support of such fact was admissible under the original pleadings, and it in no way indicates that the amendments to the answer were necessary or proper.

*East St. Louis Junction R. Co. v. Armour & Co.,* 247 Ill. App. 528, also relied upon by appellants, was a suit under section 29 of the Workmen's Compensation Act, by the railroad company, to recover the compensation which had been awarded to its injured employee, on account of·injuries alleged to have been caused by the negligence of the defendant packing company in placing a sheet of iron over two pipes which extended over a switch track, the sheet of iron becoming dislodged by the exhaust of a switch engine, and falling upon and injuring the employee of the railroad company. The court said in the opinion, that the question of whether the exhaust from the switch engine was the proximate cause of the injury was a question of fact for the jury, and that evidence that the switch track was usually slippery was competent. That holding is subject to the same interpretation as the holding in the *O'Brien* case last mentioned.

*Botthof v. Fenske,* 280 Ill. App. 362, was a common law action by one employee against a fellow employee of their common employer, for damages on account of personal injuries. Both parties and the employer were under the Workmen's Compensation Act. The defendant claimed the provision of section 29 that where an injury *"was not proximately caused by the negligence of the employer or his employees"* precluded any intendment that a common law action would lie for negligence or wilful conduct by one employee against a fellow employee. In response to this claim the court said: "We find no merit in this contention. In our opinion, the foregoing italicized language was intended to be applicable only to actions brought against third persons under section 29, where it was necessary to show, in order to establish a right to recover, that the compensating employer and his employees were not guilty of contributory negligence. It appears to us that the purpose of this language was to negative the right to bring an action for damages

to an injured employee, even against a negligent third party, by either the compensating employer or the injured employee who is guilty of contributory negligence or properly or legally chargeable with the negligence of others contributing to the injury. . . . It would be paradoxical to hold that an employee who was injured through the wilful, wanton or negligent conduct of a fellow employee could not sue his injuring fellow employee unless he could first show that his injury was not proximately caused by the negligence of such fellow employee.''

At first glance it might appear that this language of the court tends to uphold the contention of appellants, but when analyzed, it is apparent, from the conclusion reached, that the second sentence of the holding was not meant to be applied to the injured employee. The third sentence, as to contributory negligence, obviously refers, respectively, to contributory negligence of an employer in a suit by him, or to contributory negligence of an employee in a suit by such employee. The words: ''or properly or legally chargeable with the negligence of others contributing to the injury,'' bring the holding within the text hereinabove quoted from 38 Am. Jur., and we do not think the court intended a holding out of harmony therewith.

In *Moscarelli v. Sheldon*, 247 Ill. App. 352, relied upon by appellee, the administrator of a deceased employee of the city of Rockford brought an action against a third party for his wrongful death by being struck by the third party's automobile while the decedent was engaged in working in a ditch being excavated in a public street. A special plea was filed alleging the deceased and the city were subject to the Workmen's Compensation Act; that the defendant was not under the act, that the death was proximately caused by the negligence of the city in not barricading the excavation or giving some notice or warning thereof. A demurrer was sustained to this plea, and

to an amended plea substantially the same as the original. Four refused instructions were tendered upon the theory that negligence on the part of the city constituted a defense which should have been submitted to the jury under section 29 of the act. In affirming a judgment for the plaintiff, this court, speaking through the late Mr. Justice Jones, said in the opinion: "Appellant claims that the city was negligent in not barricading the excavation and in not giving some warning of its existence. If the preponderance of the evidence showed that appellant was guilty of the negligence alleged in the declaration; that such negligence was the proximate cause of the death, and that the deceased was in the exercise of due care, then appellant was liable regardless of the negligence of the city." We agree with that holding.

Under the law as hereinbefore set out, the negligence, if any, of appellee's employer, not being imputable to appellee, he was not chargeable therewith, and it was not incumbent upon him in order to recover, to affirmatively establish that his injuries were not proximately caused thereby. It follows that the court did not err in striking the amendments to the answer.

There is a matter, however, which, although not raised by appellants, requires a reversal of this judgment as to defendant Robert Turner. It was alleged and proved by appellee that Robert Turner is the owner of the truck alleged to have caused appellee's injuries and he is the only one who directed Greenfield to deliver the sheep. It was also alleged that Greenfield, the driver of the truck, was the agent and employee of the other defendants, and was operating the truck as such agent and employee at the time of the collision. Appellee's whole case, and the judgment against appellants, Harri Turner and Robert Turner, is based upon the ground of *respondeat superior*. Robert Turner was a minor. The rule is that as a minor cannot make a contract, he cannot establish the rela-

tionship of master and servant or principal and agent, and so cannot be held liable for the tort of another under the doctrine of *respondeat superior.* (*Palmer v. Miller*, 380 Ill. 256, 259.) A minor is the ward of the court and the court owes him the duty of properly protecting his rights. (*Millage v. Noble*, 334 Ill. 315, 320; *Swiney v. Womack*, 343 Ill. 278.) The court on its own motion will protect the rights of infants where they are entitled to relief, even though the guardian *ad litem* fails to do so in their behalf. (*Mason v. Truitt*, 257 Ill. 18, 25; *Severy v. McDougall*, 190 Ill. App. 193.) The judgment, therefore, against Robert Turner cannot stand. The defendant Harri Turner was the owner of the sheep which had been delivered by Robert Greenfield in Robert Turner's truck. He made no defense on the ground of *respondeat superior* and his only ground for reversal is that the circuit court erred in striking appellant's amendments to his answer. The judgment as against him and Robert Greenfield will therefore be affirmed.

Under the authorities (*Minnis v. Friend,* 360 Ill. 328; *Crane v. Railway Express Agency,* 369 Ill. 110; *DeMay v. Brew,* 317 Ill. App. 183) the judgment appealed from is not a unit. As against Robert Turner it is reversed and as to the other appellants Robert Greenfield and Harri Turner, it is affirmed.

*Affirmed in part and reversed in part.*