Florence J. Victor, Administratrix of Estate of Harry Philip Victor, Deceased, Appellee, v. William L. Dehmlow, Administrator of Estate of William A. Dehmlow, and William L. Dehmlow, Appellants.

Gen. No. 44,270.

Opinion filed February 9, 1949.
Released for publication March 9, 1949.

HINSHAW & CULBERTSON, of Chicago, for appellants; OSWELL G. TREADWAY, of Chicago, of counsel.

ROYAL W. IRWIN and JAMES A. DOOLEY, both of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

By this appeal defendants seek to reverse a judgment for $9,000 entered on the verdict of a jury in an action for the wrongful death of plaintiff's intestate. Defendants' motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were overruled.

About one o'clock on the afternoon of March 1, 1941, plaintiff's intestate, Harry Victor, while crossing Western avenue from east to west at the intersection of Berteau avenue, in the City of Chicago, was struck by a truck owned by defendant's intestate William A. Dehmlow. Western avenue, which runs north and south, is seventy feet wide from curb to curb at the intersection of Berteau avenue, and in the center of Western avenue there are north and southbound street-car tracks. At the time of the accident Harry Victor was employed as a salesman for the Sampson Electric Company, selling phonograph records, and was carry-

ing a brief case containing records, order forms, and other literature used in connection with his business. On the day of the occurrence defendant's intestate, William A. Dehmlow, was conducting a cleaning and dyeing establishment. William L. Dehmlow, minor son of defendant's intestate, was driving north on Western avenue toward his father's place of business in a truck containing garments which the son had picked up at his father's request. The truck struck plaintiff's intestate, causing the injuries which resulted in his death. It is conceded by plaintiff that the Sampson Electric Company and Harry Victor, plaintiff's intestate, were at the time of the occurrence subject to the provisions of the Workmen's Compensation Act, and that William A. Dehmlow, doing business as Esquire Cleaners and Dyers, was at the time automatically bound by the terms of the Act.

The complaint alleges that the father, William A. Dehmlow, was operating the truck in question through his agent William L. Dehmlow. Defendants' answer avers that plaintiff is barred from maintaining her common-law action by reason of section 29 of the Workmen's Compensation Act, Ill. Rev. Stat. 1947, ch. 48, par. 166 [Jones Ill. Stats. Ann. 143.44].

The evidence shows that at the time of the accident William L. Dehmlow was a high school student; that he was not carried on his father's payroll as an employee, nor was he paid any wages; that no social security taxes were paid for him; that he drove the truck for his father after school hours; and that his father supported him.

Plaintiff maintains that William L. Dehmlow, driver of the truck, was not an employee of the owner, his father, William A. Dehmlow. Plaintiff argues that the status of the son as an employee is to be determined by the language of the Act (sec. 5 [Ill. Rev. Stat. 1947, ch. 48, par. 142; Jones Ill. Stats. Ann. 143.20]) in defining an employee as one under contract, and that

since no contractual relationship existed between Dehmlow senior and Dehmlow junior it follows that Dehmlow junior cannot be called an employee within the meaning of the Act. Section 5 "Second" provides

"Every person in the service of another under any contract of hire, express or implied, oral or written, . . . including . . . minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees, . . . ."

This precise question has never been ruled on by the courts of our State.

Ordinarily a minor cannot make a contract establishing the relationship of master and servant or of principal and agent. (*Palmer v. Miller,* 380 Ill. 256; *Johnson v. Turner,* 319 Ill. App. 265.) But for the purpose of the Workmen's Compensation Act the legislature provided in sec. 5 that a minor shall have the same power as an adult to contract, receive payments, and give quittances. It seems to us that if the legislature intended to exclude a minor employed by his father it would have made some provision in section 5 or elsewhere in the Act.

An examination of the Workmen's Compensation Act fails to disclose any provision indicating that a minor is not subject to the Act and entitled to its benefits even though a father and son relationship existed as in the case at bar.

The fact that Dehmlow junior was not on his father's payroll and did not receive any wages is immaterial for the reason that sec. 10(f), par. 147, ch. 48, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 143.25, subpar. (f)] provides for injured employees who earn no wage.

In order to establish liability on the part of the father, plaintiff's cause of action is necessarily based on the theory that the son at the time of the accident was employed in his father's business. But to escape

the provisions of the Workmen's Compensation Act, she argues that the son was not an employee. Thus the father and son would be deprived of the benefits provided by sec. 29 despite the fact that all the burdens of the Workmen's Compensation Act are automatically imposed upon them because of the nature of the father's business.

We think that William L. Dehmlow, the truck driver, was an employee in the service of his father under an implied contract of hire within the meaning of sec. 5 on the day of the occurrence.

Defendant maintains that the death of plaintiff's intestate Harry Victor arose out of and in the course of his employment. The evidence shows that plaintiff's intestate sold Columbia records in the Loop and the north side of the City of Chicago; that he selected his own means of transportation; that he had no definite hours, and called at his office about once a week; that his work day started and ended at his own discretion; that he also determined the customers upon whom to call; that among his customers were the B. & B. Automatic Music Company, 4206 North Western avenue, and the Apex Phonograph Company, 4338 Lincoln avenue; that the accident occurred within about sixty feet of the place of business of the B. & B. Automatic Music Company; that on the morning of the occurrence he had played some records at the B. & B. Automatic Music Company and the Apex Phonograph Company which was located a few blocks to the east.

Plaintiff suggests that the deceased, Harry Victor, at the time of the occurrence was proceeding across Western avenue in order to take a southbound street car to Adams street on his way home. There is no proof tending to show that at the time of the occurrence plaintiff's intestate was performing any mission of his own. So far as the record shows, his working day commenced when he left home in the morning, and

ended when he returned to his home at night. Moreover, at the time he was struck by the defendant's truck he was in the vicinity of his customers and had in his possession a brief case which he usually carried, containing sample phonograph records, release notices, and order blanks. According to his employer the deceased did work Saturday afternoons and evenings. Plaintiff's intestate was injured at a place where his duties may have called him during the hours of his work. The uncontroverted testimony shows that at the time of the occurrence deceased's work for the day had not ended.

Under these circumstances the injuries received by plaintiff's intestate which resulted in his death arose out of and in the course of his employment within the meaning of the Workmen's Compensation Act. (*Swift & Co. v. Industrial Commission,* 350 Ill. 413; *Irwin-Neisler & Co. v. Industrial Commission,* 346 Ill. 89; *Solar-Sturges Mfg. Co. v. Industrial Commission,* 315 Ill. 352.)

The recent trend of authorities is toward more liberal construction of the term "arising out of the employment." (*City of Chicago v. Industrial Commission,* 389 Ill. 592.) The foregoing facts are not disputed. Therefore no issue of fact was presented for the jury to determine. Under the authorities last cited defendants' motion for judgment notwithstanding the verdict should have been allowed. In the view which we take of this case it is unnecessary to consider the other points raised.

For the reasons stated, the judgment is reversed and the cause remanded with directions to enter judgment in favor of the defendants and against the plaintiff.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.