**Peter FERRO**

v.

**UNITED STATES of America
and
Powers-Thompson Construction Company.**

No. 53C253.

United States District Court
N. D. Illinois, E. D.

Oct. 7, 1955.

Vogel & Bunge, Chicago, Ill., for plaintiff.

R. Tieken, U. S. Atty., Chicago, Ill., Price, Anthony & Roddy, Chicago, Ill., for Powers-Thompson.

LA BUY, District Judge.

On February 4, 1953 plaintiff filed a complaint against the United States for injuries sustained at the Marseilles Locks on the Illinois River, which locks were owned, operated and maintained by the United States, and were then undergoing repairs. It is alleged that in connection with plaintiff's duties it was necessary

for him to descend a ladder, the top step of which was attached to the concrete deck of the locks with a steel loop; that said loop and ladder were rusted and in a weak and defective condition; that said condition had been concealed by paint applied by defendant's employees and agents; that the ladder and loop broke loose causing plaintiff to fall forty-three feet to the bottom of the lock which had been drained. The government answered denying negligence on its part.

Two years later the government filed a third party complaint against the Powers-Thompson Construction Company, who, pursuant to contract with the Corps of Engineers, United States Army, had undertaken certain work in connection with the repair of the aforesaid locks. The third party defendant filed its answer and asserted as affirmative defenses (1) that the time for filing said third party action had expired and was barred by the statute of limitations, and (2) the third party defendant had submitted a safety program to the government prior to starting work on the locks and said program had been approved.

On June 15, 1955 and June 28, 1955 leave was granted to the United States and the Powers-Thompson Construction Company to withdraw their answers to the complaint and the third party complaint, and to file motions to strike said complaint and third party complaint. Thereafter, the government filed an amended third party complaint and the third party defendant directed its motion to strike thereto.

■ One of the grounds urged in support of the motion to strike the third party complaint is the basis for the government's motion to strike the plaintiff's complaint. Third party defendant asserts that the government's complaint against it fails to state a claim for the reason that the plaintiff, Peter Ferro, and the third party defendant, Powers-Thompson Construction Company, were employee and employer at the time of the injury and were bound by the Illinois Workmen's Compensation Act, S.H.A. ch. 48, § 138.1 et seq.; that Section 138.5(b)

thereof limits actions to be brought to those cases in which both employer and coemployees of the person injured are free from negligence contributing to the accident; that since the third party complaint is premised on the alleged sole negligence of the Powers-Thompson Construction Company, the United States cannot be held liable to the plaintiff and therefore there is no claim to be asserted against the Powers-Thompson Construction Company. After such motion was filed by the third party defendant, the United States filed its motion to strike the complaint, conceding the issue raised by the third party defendant that "under the provisions of the Illinois Workmen's Compensation Act an employee cannot bring an action against a third party to recover damages for injuries sustained in the course of his employment unless he alleges that his employer was free from negligence at the time of the accident"; that since the complaint fails to allege such freedom from negligence on the part of the employer, it fails to state a claim.

It is important, therefore, to determine whether the complaint brought by plaintiff against the United States states a claim upon which relief can be granted in the absence of an allegation that his employer was free from negligence at the time of the accident.

Some confusion is apparent from the briefs of both the government and the third party defendant as to the nature of the action brought by Ferro against the United States. The question of the negligence of an injured plaintiff's employer or his employees becomes material only when the employer seeks to be indemnified out of the judgment which the plaintiff obtains in his common law action against the third party tort-feasor. Where the plaintiff brings an action for common law negligence against such third party tort-feasor, no allegation is necessary that his injuries were not proximately caused by his employer or his employer's employees. Moscarelli v. Sheldon, 1927, 247 Ill.App. 352, 357; Johnson v. Turner, 1943, 319 Ill.App. 265,

278, 285, 49 N.E.2d 297; Manion v. Chicago, R. I. & P. R. Co., 1954, 2 Ill. App.2d 191, 201, 119 N.E.2d 498; O'Brien v. Chicago City R. Co., 305 Ill. 244, 137 N.E. 214, 27 A.L.R. 479. The government's motion to strike the complaint must be overruled.

There remains the second ground urged in support of the motion to strike the third party complaint which must be considered. Powers-Thompson Construction Company asserts the third party complaint lacks certain essential allegations to an "action over" or, if it is based upon a breach of contract there is no allegation of the performance by the United States and a breach of the contract by third party defendant.

■■ The right to indemnity and the obligation to indemnify generally spring from contrast, express or implied. The contract existing between the Powers-Thompson Construction Company and the Corps of Engineers, United States Army, does not disclose the existence of an express indemnity clause relating to injuries. Therefore, the action is not based upon an express contract of indemnity. It is a well recognized rule, however, that an implied contract of indemnity arises in favor of a person who without fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity provided they are not joint tort-feasors in such sense as to prevent a recovery. This right of indemnity is based on the principle that everyone is responsible for his own negligence, and if another person has been compelled by the judgment of a court to pay damages which ought to have been paid by the wrongdoer they may be recovered from him.

■ A reading of the third party complaint shows it is not premised on a breach of contract action, although such an action may also be brought in addi-tion to the action of indemnity. The third party complaint refers to the existing contract between the parties which contract contains the duties and responsibilities undertaken in relation to the repair work. It alleges that the failure of the third party defendant to comply with all pertinent provisions of the contract, supplemental agreement, and the Manual of Safety Requirements was the sole and proximate cause of the injuries sustained by the plaintiff; that the plaintiff's failure to use the temporary stairs and ladder provided during the repair work, and the use of another method in descending, was due to third party defendant's failure to comply with its agreement relating to safety precautions and instructions to its employees.

Some reference has been made by third party defendant to the fact that the third party complaint does not show that Powers-Thompson Construction Company and the United States were not in "pari delicto" so as to permit a recovery by the United States. The court cannot conclude as a matter of law that the alleged acts of negligence attributed to the United States establish that it was an active tort-feasor with the alleged acts of negligence of the Powers-Thompson Construction Company, or that they show as a matter of law that the alleged negligence of the United States was such as to qualify it as a joint tort-feasor with the third party defendant.

In view of the withdrawal of third party defendant's answer, there is no need for the court to rule on the government's motion to strike the affirmative defense relating to the statute of limitations.

An order has this day been entered overruling the government's motion to strike the plaintiff's complaint, and overruling the third party defendant's motion to strike the third party complaint. The defendant and the third party defendant are hereby allowed five (5) days in which to file their answers.