Sun Insurance Company of New York, Plaintiff-Appellant, v. Edward Azzarella, Owen L. Barber, a Minor, by Martha Kalina, His Mother and Next Friend, and Martha Kalina, Defendants-Appellees.

Gen. No. 49,910.

First District, First Division.

April 12, 1965.

■■■■■■■■■■■■■■■

Van Duzer, Gershon & Jordan, of Chicago (John B. Van Duzer and Horace W. Jordan, of counsel), for appellant.

Maurice A. Goodman, of Chicago (Irwin Kipnis, of counsel), for Owen L. Barber, appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The Sun Insurance Company of New York brought this action for declaratory judgment to determine its liability under a policy of automobile insurance which it issued to the defendant, Edward Azzarella. Sun appeals from the trial court's judgment which declared that Sun is liable under the policy.

The essential facts are uncontroverted. Azzarella is a door-to-door peddler of fruits and vegetables in Berwyn, Illinois. In his work, Azzarella uses a truck on which Sun had issued an automobile insurance policy covering, among other things, liability for bodily injury resulting from the use of the truck, subject to certain limits of liability, conditions and exclusions specified in the policy. On July 30, 1960, the defendant Owen L. Barber, who was thirteen years old at the time, was working on the truck at Azzarella's request. Barber filled, weighed and delivered bags of produce in return for which Azzarella paid him a wage. On the date in question, Barber fell from the truck on which he was working and was injured. Barber's mother, Martha Kalina, individually and as his next friend, brought suit for damages against Azzarella, who, in turn, made a demand on Sun for defense of the suit and for the payment of any judgment which might be rendered against him.

Sun subsequently filed its complaint in the instant declaratory judgment action. Sun admitted that the

policy was issued and in effect at the time of the occurrence, but denied coverage because of the employment exclusion clause in the policy which provides that:

This policy does not apply:

. . .

(d) under coverage A [Bodily Injury Liability], to bodily injury or sickness, disease or death of an employee of the insured arising out of and in the course of . . . employment by the insured.

Each of the defendants filed an answer to the complaint for declaratory judgment in which they admitted the terms of the policy, but denied that the relation of employer and employee existed between Azzarella and Barber. Though he found that Barber was working for Azzarella and was paid by him for that work, the trial court concluded that, on the facts presented, the exclusion clause did not apply to prevent Sun's liability under the policy.

In this appeal, the defendants contend that Barber was a member of the general public in relation to Azzarella and that he was not Azzarella's employee:

(1) because the employment of a minor, thirteen years of age, was violative of the Child Labor Law of Illinois and hence it was illegal, void and unenforceable;

(2) and because Barber's minority rendered him incapable of contracting to create the relationship of employer and employee;

(3) and because the provisions of the Workmen's Compensation Act of Illinois do not apply to the enterprise in which Barber was engaged and thus

the definition of "employee" contained in that act does not apply to Barber.

■ We are not persuaded by the defendants' contentions. The defendants first argue that Barber was not an employee within the meaning of the employment exclusion clause of the policy because the contract of employment between Azzarella and Barber violated the Child Labor Law of Illinois (Ill Rev Stats 1963, c 48, § 31.1 and following) and hence was void. The argument overlooks the holding of the Supreme Court in Landry v. E. G. Shinner & Co., Inc., 344 Ill 579, 176 NE 895, that, though the hiring of a minor in violation of the Child Labor Law is an illegal contract for the purposes of enforcement of the contract by either party, it is not absolutely void in all other respects, but it has sufficient virility to fix the relation of master and servant for the purposes of sustaining the claim of the minor employee under the Workmen's Compensation Act. This case was followed in Scarpelli v. Travelers Indemnity Co. of Hartford, 248 F2d 791 (7th Cir), which is controlling. In Scarpelli, the insured sought a declaratory judgment that the employment exclusion clause of the insurer's automobile insurance policy did not operate to exclude the insurer from the obligation to defend against or pay the judgment in the suit brought by the insured's minor employee against the insured for injuries which arose out of and in the course of the minor's employment. The Federal Court of Appeals affirmed the granting of a motion to dismiss the insured's declaratory judgment action, holding that a minor employee, who was employed in violation of the Illinois Child Labor Law and who sued his employer at common law for personal injuries, was an "employee" within the meaning of the employer's public liability insurance policy which excluded from coverage claims for bodily injury sustained by an employee

110

of the insured arising out of and in the course of his employment by the insured.

The defendants rely on New Amsterdam Cas. Co. v. Soileau, 167 F2d 767 (5th Cir), which holds contrary to the Scarpelli case. We are not persuaded that Soileau should be applied here. First, it should be noted that that case arose under Louisiana law and that the Federal Court of Appeals which decided Soileau subsequently refused to apply the case outside of Louisiana and limited it to the peculiarities of its own facts and to the peculiarities of the Louisiana law. Ward v. State Farm Mut. Automobile Ins. Co., 241 F2d 134 (5th Cir). Second, the rule of Soileau has the undesirable result of permitting an insured to benefit from his own illegal conduct. Violation of the Child Labor Law by the insured should not be rewarded at the expense of the insurer, who has no connection with the contract of employment.

The defendants' argument that Barber was not Azzarella's employee within the meaning of the employment exclusion clause of the policy because Barber's minority rendered him incapable of contracting to create the relationship of employer and employee is no more persuasive than the argument previously considered. Palmer v. Miller, 380 Ill 256, 43 NE2d 973, and Johnson v. Turner, 319 Ill App 265, 49 NE2d 297, which are relied on by the defendants, merely stand for the proposition that a minor cannot appoint an agent and hence cannot be held liable under the doctrine of respondeat superior for the torts of another. Of course, that is not the question involved here and hence these cases are in no way inconsistent with the holding of the controlling cases, Landry and Scarpelli, cited above.

Finally we believe that it is immaterial to the issue raised here whether or not the provisions of the Workmen's Compensation Act (Ill Rev Stats 1963, c 48,

§ 138.1 and following) apply to the enterprise in which Barber was engaged. Barber has made no claim under that Act and Sun, in this action, denies liability only on the basis of the employment exclusion clause of the policy and not on another exclusion clause which applies if the insured "may be held liable under any workmen's compensation . . . law."

██ Construing the employment exclusion clause of the policy, as we must, according to the sense and meaning of the terms which the parties have used (McCann for Use of Osterman v. Continental Cas. Co., 6 Ill App2d 527, 128 NE2d 624), we conclude that the purpose of that clause was to exclude from bodily injury coverage any claims which are made by persons engaged in the insured's business. The evidence shows that Barber, at Azzarella's request, was working in Azzarella's business and was receiving a wage in return. The contract of employment, even if it is unenforceable by either party because it violates the Child Labor Law, retains sufficient virility to establish the relationship of employer and employee within the intended meaning of the employment · exclusion clause of the policy. Hence the judgment of the Circuit Court must be reversed.

Judgment reversed.

MURPHY and KLUCZYNSKI, JJ., concur.